T. C. PEMBERTON, Appellant, v. T. C. DOOLEY *et al.*, Respondents

Kansas City Court of Appeals, January 5, 1891.

1. **Trial Practice :** SUBMITTING LAW QUESTION TO THE JURY: PROPER USE OF HIGHWAY. What is the reasonable and proper use of a highway is a question of law, and an instruction submitting it to the jury is erroneous.

2. **Roads and Highways, Owner of the Soil's Rights in:** REPAIRS. The owner of the soil on both sides of the ordinary country road is the owner likewise of the soil in the road, subject only to the right of the public use as a road, and has a right to a passway beneath the surface of the highway, subject to the paramount right in the public to improve the roadway, etc., and if such improvement is made in a reasonably careful manner the owner cannot complain.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Sheley & Sheley*, for appellant.

*J. G. Paxton*, for respondents.

GILL, J.—It stands admitted that the plaintiff's counsel have fairly stated this controversy, and we here insert such statement: This case was commenced before a justice of the peace, for negligently killing a cow, the property of plaintiff, by defendants. Plaintiff obtained judgment before the justice, and defendants appealed the case to the circuit court of Jackson county, at Independence, where, at the September term, 1889, it was tried, and a verdict and judgment for defendants. After the refusal of the court to set aside the verdict and grant a new trial, plaintiff, by appeal, brought the case to this court. It appears from the evidence that plaintiff, during the year 1889, and a long time prior thereto, was and had been the owner of a farm in the eastern part of the country; that he lived upon the same and carried on the business of farming; that a country road ran through the farm of plaintiff; that a ravine ran across the road on the land of plaintiff; that a bridge spanned the ravine; that plaintiff used, and had used for fifteen or sixteen years, the ravine as a passway for his stock; that it was so arranged that his stock could pass at will by means of the ravine under the bridge, from pastures on one side of the road to pastures on the opposite side of the road. It appears that the county court employed defendants to take down the old bridge and put up a new one across the ravine; that, in doing so, it became necessary for defendants to dig a ditch on each side of the ravine, in which the mudsills or foundations of the bents of the bridge rested; that these ditches were fifteen or eighteen feet long, four or five feet wide, and eight or nine feet deep; that in digging the ditches the dirt was thrown in a heap or pile between the ditches; that, while building the new bridge, defendants threw down the old bridge, and it lay in a heap between the two ditches, making it more difficult for stock to pass; that the bridge had not been received by the county court;

that the ditches were left open and unprotected ; that during the absence of plaintiff, and about the time of the completion of the new bridge and the destruction of the old one, there was a rain at night, and a cow, worth $35, the property of plaintiff, in attempting to pass from one pasture to another, or while seeking a shelter to "calve" (as claimed by defendants), fell into one of these ditches, and was killed. The negligence charged was the leaving the exposed ditches unfenced and unguarded at a point where plaintiff's stock might likely pass and fall. And, in addition to some instructions on the question of negligence, the court at the instance of defendants, and over the objection of plaintiff, gave to the jury the following :

"The court instructs the jury that, if they find that the plaintiff, in making a passway under the bridge for his cattle, was not making a reasonable and proper use of the highway, he cannot recover of defendants for their failure to fence the mudsills under the bridge."

I.   The giving the foregoing instruction was obviously an error. It submitted a question of law to the jury, to-wit, the extent of right, plaintiff, as owner of the land on both sides of the highway, had to an underground passway. This instruction left the question to the jury to determine, whether plaintiff had a legal right for a passway beneath the surface of the highway. It is settled beyond further question or argument, that trial courts should declare the law, and not leave such matters open for the decision of the jury.

It is, too, quite as well settled that the owner of the soil on the two sides of the ordinary county road is the owner likewise of the soil in the road, subject only to the right of the public use as a road. "The public requires a right of way with the powers and privilege incident to that right, such as digging the soil, using the timber and other materials found within the limits of the road, in a reasonable manner, for the purpose of making the roads and its bridges. The

former proprietor of, the soil still retains the exclusive right in all the mines, quarries, springs of water, timber and earth, for every purpose not incompatible with the public right of way." Washb. on Ease. & Serv. [ 3 Ed.] p. 228; *Williams v. Railroad*, 21 Mo. 580; *Hannibal Bridge Co. v. Schaubacher*, 57 Mo. 582; *Ferrenbach v. Turner*, 86 Mo. 416–419; 1 Thompson on Neg. 329.

We conclude then that plaintiff Pemberton had the right to a passway beneath the surface of the highway, provided he in no way disturbed the public use. Plaintiff's use of such passway was subject to a paramount right in the public, to improve the roadway, to erect, or rebuild, bridges thereon and the like; and so long as the defendants, for the public, did this in a reasonably careful and prudent manner, plaintiff had no cause to complain.

Judgment reversed, and the cause remanded. All concur.