**Opal WRIGHT, Appellant,**

v.

**Robert D. WREHE, Administrator of the Estate of Lulu Wrehe Gausche, Deceased, Respondent.**

No. 52529.

Supreme Court of Missouri, Division No. 2.

June 12, 1967.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.

Price Shoemaker, Elmer E. Reital, and Robert D. Colley, St. Joseph, for respondent.

HENRY J. WESTHUES, Special Commissioner.

On December 14, 1965, Opal Wright filed a petition in the Circuit Court of Buchanan County, Missouri, against Robert D. Wrehe, administrator of the estate of Lulu Wrehe Gausche, deceased, to recover damages for personal injuries alleged to have been sustained in a fall on steps leading from defendant's premises to a public sidewalk. On March 3, 1966, an amended petition was filed. Plaintiff asked damages in the sum of $25,000.

Defendant filed an answer denying liability. Thereafter, he filed interrogatories to plaintiff and their answers, plaintiff's deposition, and then a motion for summary judgment. The trial court heard arguments on the motion, sustained it, and entered judgment for the defendant. Plaintiff filed a motion for rehearing which was overruled, and plaintiff appealed from the judgment.

The substance of the allegations of plaintiff's petition is that on June 24, 1964, decedent Lula Wrehe Gausche was the owner of the premises in question and that June Bridgman was the tenant. It was stated that "decedent, or her personal representatives, had the control, charge, and management of the exterior of said premises, including a certain cement stairway leading from the front yard to the sidewalk in front of said premises." It was alleged in the petition that the steps were defective and dangerous in that one or more of the steps were broken and crumbled, of which condition defendant's decedent or her agent had knowledge. Further it was stated that plaintiff on June 24, 1964, was a guest of June Bridgman and, as she was leaving the premises at about 11:30 p. m., it was dark and the steps were unlighted and without handrails; that because of the broken and crumbled steps she fell, causing her to suffer serious injuries. The negligence pleaded was that the owner of the property knew or should have known of the dangerous condition of the steps and failed to repair the same.

Plaintiff briefed a number of points, the first being that "The defendant failed to show by unassailable proof that he is entitled to summary judgment as a matter of

law." We are of the opinion that the point is well taken and that it will not be necessary to consider any of the other points briefed.

Defendant, in answer to plaintiff's contention, says in the brief:

"(a) Pleadings, interrogatories, depositions, and admissions support entering summary judgment.

"(b) No duty on landlord to repair where exclusive possession rests in tenant.

"(c) Plaintiff was a social guest of defendant's tenant and as such took the premises as she found them and no duty was owed to Plaintiff by Defendant under facts in this case."

The pleadings, interrogatories, the answers thereto, the depositions and admissions do not show that it was not the defendant's duty to repair the defective steps in question. That is a material fact left as an issue in the case.

The answers to the interrogatories and the deposition of plaintiff show that she lived in the State of Washington; that she was in St. Joesph, Missouri, only temporarily and, while there, was a guest of Mrs. June Bridgman who lived on the premises in question; and, further, that she knew nothing of the rental agreement between Mrs. Bridgman and the decedent. Mrs. Bridgman was not called as a witness and no evidence appears in the record as to the terms of the rental contract pertaining to the obligation to make repairs.

Defendant cited a number of cases to support his contention. As we read and understand those cases, they support plaintiff's theory.

In Brummet v. Livingston, Mo.App., 384 S.W.2d 101, 103[1, 2], the court stated the rule governing summary judgment as follows: "It is the law that a summary judgment may be entered only when *the party seeking it* shows, by unassailable proof, that he is entitled to judgment as a matter of law. The proof submitted should leave no room for controversy and should show, affirmatively, that the other party would not be entitled to recover under any discernible circumstances." (Emphasis ours.) A like ruling was made by the St. Louis Court of Appeals in a case cited by the defendant, Brown v. Prudential Ins. Co. of America, Mo.App., 375 S.W.2d 623, 628[1], 629[6–8]. See also Lampkin v. Harzfeld's, Mo., 407 S.W.2d 894.

Whether the defendant is liable for failure to make repairs cannot be determined as a matter of law by a mere showing that the relationship of landlord and tenant exists. In the case of Tucker v. Taksel, Mo. App., 345 S.W.2d 385, it was held that a landlord was liable for failing to repair defective premises causing injury. The landlord had retained partial control for the purpose of making repairs. So in this case plaintiff upon trial may be able to introduce evidence establishing a duty on defendant to repair the steps in question.

Defendant under Point III states that "Where no counter affidavits are filed by plaintiff reviewing courts on appeal would accept as correct, statements in defendant's exhibits (admissions, interrogatories and depositions) to support motion for summary judgment." Such a rule does not apply where the record, as in this case, does not show that the defendant, seeking summary judgment, is entitled to a judgment as a matter of law. The judgment of the trial court is reversed and the cause remanded.

It is so ordered.

PER CURIAM.

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.