**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Respondent,**

v.

**Joseph A. FLICK et al., on Exceptions of Robert H. Livingston and Dorothy L. Livingston, Appellants.**

**No. 52745.**

Supreme Court of Missouri,
Division No. 2.

April 8, 1968.

Motion for Rehearing or Transfer to Court En Banc Denied May 13, 1968.

Robert L. Hyder, Thomas E. Cheatham Jefferson City, for respondent.

John O. Bond, Jefferson City, for defendants-appellants.

STOCKARD, Commissioner.

In this action for condemnation of land for highway purposes the jury award of just compensation to the owners, appellants, was $25,000. The difference between the jury award and that to which appellants claim they were entitled under their evidence exceeds $15,000.

The land taken by condemnation consisted of substantially all of a tract of land being used for a gasoline service station located on the eastern side of U.S. Highway 54 in the southern area of Jefferson City, Missouri. At the time of the taking the property was subject to a lease from appellants to the Gulf Oil Corporation (hereafter referred to as "Gulf") at a monthly rental of $230, and the lease had nine or ten years remaining of its term, but Gulf had an option to purchase the property at any time for $35,000. Mr. Robert Livingston testified that after the date of the taking, Gulf assigned its leasehold rights to him (we assume to him and his wife) for a good consideration. This meant that as of the time of trial appellants were the owners of the property being taken without it being subject to a lease to Gulf. The date the leasehold interest was assigned does not appear in the record, but on April 22, 1966, which was several months before trial, respondent filed a dismissal as to Gulf which recited that its interests "have been obtained by deed." What those "interests" were is not shown, but obviously they were not the "leasehold interests." At the trial it was brought out that certain personal property located on the land, identified as several "lights," the gasoline pumps, an "air compressor * * * or some kind of equipment," a sign, and "the underground tanks," did not belong to appellants but was the property of either Gulf or the operator of the service station.

Instruction No. 2 (MAI 9.02) informed the jury as follows: "You must award defendant such sum as you believe was the difference between the fair market value of defendant's whole property immediately before the taking on December 24, 1965, and the value of defendant's remaining property immediately after such taking, which difference in value is the direct result of the taking and of the uses which plaintiff has the right to make of the property taken." Instruction No. 3 (MAI 15.01) defined the term "fair market value" and referred to "the property" and to "the property in question." Appellants assign as error the giving of Instruction No. 5 (not in MAI) given at respondent's request as follows: "Gulf Oil Corp. is not a party to this case, and you shall award no damage for their [its] interest in the property."

 "As a general rule, where there are different interests or estates in property taken by condemnation, the proper procedure is 'to ascertain the entire compensation as though the property belonged to one person and then apportion this sum among the different parties according to their respective rights.' " City of St. Louis v. Wabash Railroad Company, Mo., 421 S.W.2d 302[3]. Neither the condemner nor the jury is concerned with the rights of individual claimants, but only with the amount of just compensation to be awarded for the property taken. See also State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 69 A.L.R. 1256; City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600; State ex rel. State Highway Commission v. Mahon, Mo.App., 350 S.W.2d 111.

Gulf had a leasehold interest in the property taken at the time of the appropriation, and in the cross-examination of Mr. Livingston the terms of that lease were presented to the jury by respondent, apparently as evidence of the use to which the property was adapted. In doing so specific reference was made to paragraph 10 of the lease, and Mr. Livingston was asked whether by reason of it Gulf "had the right to assign the lease to anybody or any group," and the answer was, "that is what it says." On redirect examination, after prefacing the

question with a reference to the cross-examination above referred to pertaining to paragraph 10, Mr. Livingston was asked whether Gulf assigned its "leasehold rights to anyone," and the answer was that it "assigned their leasehold rights to me," but he added that at the time of the taking by condemnation the lease was in effect. This testimony that subsequent to the date of appropriation the leasehold interest of Gulf had been acquired by the owners of the property injected a false issue, but there was no objection.

 We cannot escape the conclusion that any reasonable juror would be caused to believe by Instruction No. 5 that the jury was told that Gulf had an "interest in the property" being taken by condemnation, but that in its determination of just condemnation the jury was not to award "any damage" for that interest. This was improper.

Instruction No. 5 apparently was intended to be a withdrawal instruction. See MAI 30.01 and 30.02, and Temple v. Atchison, Topeka & Santa Fe Railway Co., Mo., 417 S.W.2d 97, 99[1]. However, instead of withdrawing from the consideration of the jury the issue of damages for property *not taken*, such as lights, pumps, signs, etc., the instruction told the jury it was not to award damages for an interest of Gulf in "the property" that *was taken*. This resulted in the jury being instructed that it was to award damages for less than the total interest of appellants which was taken. For these reasons we conclude that Instruction No. 5 was in conflict with Instruction No. 2, and was confusing and prejudicially erroneous.

In view of the above result, other matters presented in appellant's brief need not now be considered.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., dissent.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, Acting P. J., and EAGER and HOLMAN, JJ., concur.

FINCH, P. J., not sitting.