SELIGA SHOE STORES, INC., a corporation, Plaintiff-Appellant,

v.

CITY OF MAPLEWOOD, a Municipal Corporation and Josef Hammes, Mayor, City of Maplewood, Defendants-Respondents.

No. 38170.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 4, 1977.

Motion for Rehearing and/or Transfer Denied Nov. 14, 1977.

Application to Transfer Denied Dec. 19, 1977.

Deeba, DeStefano, Sauter & Herd, James B. Herd, St. Louis, for plaintiff-appellant.

Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Isaac E. Young, Maplewood, for defendants-respondents.

McMILLIAN, Presiding Judge.

Plaintiff Seliga Shoe Stores, Inc., a corporation (Shoe Stores) appeals from a judgment of the circuit court of St. Louis County granting summary judgment in favor of defendants City of Maplewood (City) and its mayor, Josef Hammes, and dismissing Shoe Stores' petition for actual and punitive damages. For the reasons discussed below, we affirm.

Shoe Stores' petition alleges that the City committed a trespass by unlawfully entering 7323 Manchester, the premises at issue, in which Shoe Stores operated a retail shoe business. The premises were the subject of a recent condemnation proceeding by the City. The condemnation of the premises was the basis of the City's defense. The City asserts that the alleged "trespass" was in reality the lawful execution of a writ of possession by the sheriff of St. Louis County, following the City's deposit of the amount of the condemnation award into the court's registry. Shoe Stores argues that it was not made a party to the condemnation proceeding or the suit in which the writ of possession was issued, that it possessed a "lawful interest" in the premises as lessee which remained unaffected by the condemnation proceedings and that the execution of the order of possession constituted a trespass causing Shoe Stores to suffer damages in relocation expenses and lost profits.

The City began condemnation proceedings on February 25, 1975. The City was acquiring certain properties, including the premises at issue, for the purpose of constructing a public parking garage. The condemnation petition named as party defendants John H. Seliga, president of Shoe Stores and Eleanor A. DiSimone, his sister, who were the only titleholders of record. The property was taken by eminent domain on June 17, 1975. The City filed a motion to add Shoe Stores as a party defendant but the court denied the motion. During the course of the hearing on this motion, the trial court found there was no lease of record.

On August 1, 1975, the City was granted an order of possession directing the sheriff to deliver possession of the premises to the City. Seliga and DiSimone filed a motion to modify the order of possession on the ground that Shoe Stores had not been made a party to the proceeding and its rights had not been adjudicated. After the court denied this motion to modify, Shoe Stores filed a petition for a writ of prohibition in this court, which was also denied. The sheriff's execution of the order of possession on September 3, 1975, is the incident at issue in this case.

■ Shoe Stores argues for reversal that the trial court erred in granting defendant's motion for summary judgment because (1) defendants were not entitled to judgment as a matter of law and (2) the City's affidavit raised two issues of material fact. On appeal we review the record on summary judgment in the light most favorable to the party against whom the judgment is rendered, in this case Shoe Stores, *e. g., Waltz v. Cameron Mut. Ins. Co.,* 526 S.W.2d 340 (Mo.App.1975). Summary judgment is an extreme and drastic remedy, *e. g., Weber v. Les Petite Academies, Inc.,* 490 S.W.2d 278 (Mo.App.1973) and should be granted only when the pleadings, depositions and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c), V.A.M.R.; *e. g., Hurwitz v. Kohm,* 516 S.W.2d 33 (Mo.App.1974); *Adzick v. Chulick,* 512 S.W.2d 194 (Mo.App. 1974). A "genuine issue of fact" exists for the purpose of avoiding summary judgment whenever there is the slightest doubt as to the facts. *Pagan v. City of Kennett,* 427 S.W.2d 251 (Mo.App.1968). Not every factual dispute however, will bar summary judgment; the dispute must involve a material fact; that is, one which has legal probative force as to a controlling issue. *Ware v. St. Louis Car Co.,* 384 S.W.2d 287 (Mo.App.1965).

■ Furthermore, although the City as the moving party has the burden of proof to show by unassailable proof that there is no genuine issue of fact, *Phegley v. Porter-DeWitt Constr. Co.,* 501 S.W.2d 859 (Mo. App.1973), once ". . . a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial (and) [i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 74.04(e), V.A.M.R.; *Bently v. Wilson Trailer Co.,* 504 S.W.2d 277 (Mo.App.1973). The facts alleged in support of the City's motion for summary judgment must be deemed admitted and taken as true because Shoe Stores failed to file either a verified denial or a counter-affidavit. *Sample's Estate v. Travelers Indem. Co.,* 492 S.W.2d 829 (Mo. 1973) (counter-affidavit); *Dietrich v. Pulitzer Publishing Co.,* 422 S.W.2d 330 (Mo.1968) (verified denial). The admission of the alleged facts, however, does not automatically warrant summary judgment. *Sherman v. AAA Credit Svc Corp.,* 514 S.W.2d 642 (Mo.App.1974). Therefore, we shall examine the facts alleged by the City to present unassailable proof that the City was entitled to summary judgment as a matter of law. *Wright v. Wrehe,* 415 S.W.2d 781 (Mo.1967); *E. O. Dorsch Elec. Co. v. Plaza Constr. Co.,* 413 S.W.2d 167 (Mo.1967).

■ The affidavit of the City's attorney in support of the motion for summary judgment clearly set forth the history of the condemnation of the premises at issue and the status of Shoe Stores in relation to the proceeding. We believe that the trial court was correct in granting summary judgment in favor of the City. First, the question of whether Shoe Stores was erroneously excluded from the condemnation proceedings, has been determined three times. The trial court denied the motion of the City to add Shoe Stores as a party defendant and the motion of Seliga and DiSimone to modify the order of possession to include Shoe Stores. This court denied Shoe Stores' petition for a writ of prohibition directing and prohibiting the trial judge and sheriff from executing the order of possession against Shoe Stores.

■ Second, Shoe Stores was neither a party in actual possession of the premises claiming title nor a party with title of record. Therefore, Shoe Stores was not a necessary party defendant to the condemnation proceedings. § 523.010(3), RSMo 1969; Rule 86.03, V.A.M.R.

■ Third, in general, if a tenant has a compensable interest in property to be taken in eminent domain, he is entitled to be made a party and to be notified and if this is not done, then he has a right to

recover damages, if any. *Millhouse v. Drainage Dist. No. 48*, 304 S.W.2d 54, 57 fn. 2 (Mo.App.1957). The question is whether Shoe Stores as a lessee had a compensable property interest in the premises at the time the petition in condemnation was filed. Not every person who can properly be designated a lessee is entitled to damages upon the taking of his interest in condemnation. *State ex rel. State Highway Comm'n v. Demarco*, 445 S.W.2d 379, 383 (Mo.App. 1969). For example, the following leasehold interests have been held noncompensable: mere possession, *Millhouse v. Drainage Dist. No. 48*, supra; tenancy at sufferance, *id.*; expectation of renewal of a lease, *id.*; tenancy at will without crops or improvements, *id.*; holding over after the expiration of a lease, *State ex rel. State Highway Comm'n v. Demarco*, supra; and tenancy from month to month, *Land Clearance for Redevelopment Authority v. Dunn*, 416 S.W.2d 948 (Mo.1967).

■ In this case Shoe Stores' petition alleged only that it was in "lawful possession as lessee" on the date of entry. We have no way of determining the exact nature of the leasehold interest claimed by Shoe Stores because of the limited nature of the petition. The bare allegation of "lawful possession" is an averment of a legal conclusion and is not a statement of issuable fact. *State ex rel. Smith v. Sevier;* 92 S.W.2d 102 (Mo.1936). In this case the motion for summary judgment is similar to a motion to dismiss and where the pleadings shown no genuine issue of material fact, summary judgment is proper, e. g., *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo.App.1974).

Shoe Stores did not attempt to plead the lease according to its legal effect, recite the instrument at length in the pleadings or attach a copy of the lease to the pleadings as an exhibit. Rule 55.22, V.A.M.R. During the hearing on the City's motion to join Shoe Stores as a party defendant, the trial court found there was no lease of record. The record on appeal nowhere indicates that the lease was offered or introduced into evidence although Shoe Stores did file a copy of the lease. No facts are pleaded indicating the nature of the lease, the date of its execution or termination, or whether its terms included an option to renew or extend. Seliga, as president of Shoe Stores, refused to testify on deposition about Shoe Stores' leasehold interest, payment of rent or receipt of rent payments himself as lessor.

■ Furthermore, as a general rule, where there are different interests in property taken by eminent domain, the entire condemnation award is determined as though the property belonged to one person and then apportioned among the different parties according to their respective rights, *State ex rel. State Highway Comm'n v. Flick*, 427 S.W.2d 469 (Mo.1968), or between landlord and lessee, *Western Robidoux Printing & Lithography Co. v. State Highway Comm'n*, 498 S.W.2d 745 (Mo.1973). As discussed above, there are commonly recognized leasehold interests which are not sufficient to support a claim for a share of the compensation awarded to the fee owner. *State ex rel. State Highway Comm'n v. Demarco*, supra. That there is no evidence presented that Shoe Stores received any part of the condemnation award is another indication that Shoe Stores did not have a compensable interest in the premises.

■ Fourth, title to the condemned property passed to the City at the time the condemnation award was paid into the court, e. g., *State ex rel. City of St. Louis v. Oakley*, 354 Mo. 124, 188 S.W.2d 820 (1945). In this case the City had deposited the condemnation award and therefore had title to the premises at the time of the alleged trespass. The City was entitled to possession of the condemned premises, if necessary by execution of a writ of possession. § 523.055, RSMo 1969.

■ Shoe Stores also argues that the City's affidavit raised two issues of material fact: that the corporate structure of Shoe Stores was a sham and that Shoe Stores was not in lawful possession of the premises at the time of the entry but had abandoned them. We do not believe that the pleadings and the City's affidavit raise any genuine issues of material fact. Shoe Stores did not file a denial or a counter-af-

fidavit and so the allegations contained in the City's affidavit are deemed to have been admitted, as discussed above. In addition the affidavit does not raise these points as issues of material fact. The affidavit states that John H. Seliga is president of and owns nearly all the shares of Shoe Stores and that he refused to testify on deposition as to the nature of Shoe Stores' lease and rent payments. According to the affidavit, only "miscellaneous items of merchandise and trade fixtures" were abandoned. The premises themselves are not described as abandoned, only that before the execution of the writ of possession the premises had been vacated and equipment and merchandise removed. This cannot be said to allege that Shoe Stores abandoned the premises.

In conclusion, we find that the trial court did not err in granting summary judgment in favor of defendants because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law.

The judgment is affirmed.

STEWART and REINHARD, JJ., concur.