**Frances Diane DUNBAR, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,
Respondent.**

No. 40477.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1979.

Bernard W. Gerdelman, Cupples, Cooper & Haller, Inc., Clayton, for appellant.

Samuel T. Vandover, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff Frances Diane Dunbar sued defendant Allstate Insurance Company for personal injuries arising from an accident while driving her 1966 Mustang automobile. She alleged her damages were covered by defendant's policy which had originally named her as an insured and her automobile as an insured vehicle. Defendant moved for summary judgment on the ground coverage of plaintiff and her automobile had been cancelled by her husband, defendant's named insured. Each party filed an affidavit directed to the motion. Upon submission, the trial court granted defendant's motion and entered judgment against plaintiff, from which she has now appealed. We reverse and remand the summary judgment.

The following salient facts appear by the pleadings and the parties' affidavits: In September, 1969 defendant issued its policy naming plaintiff and her husband Robert E. Dunbar as insureds, but days later defendant, with no showing of an authority, issued a renewal policy naming plaintiff's husband. as the sole insured. A year later plaintiff bought the Mustang automobile and it was added to the policy as an insured vehicle. A month later, November, 1970, according to defendant's claim representative, plaintiff's automobile was removed from policy coverage by her husband. In February of 1971 plaintiff was·injured and her automobile was damaged.

Additional facts appear from the record that may be considered in determining whether defendant, as it must, has shown

by unassailable proof that plaintiff has no coverage under the policy.

At all times plaintiff was employed and her husband was not; she paid defendant's premiums from a joint bank account. There is no documentary evidence of changes in the policy coverage, either as to plaintiff or her car. There is no evidence from the insured husband concerning changes in the policy. And, there is no evidence plaintiff knew of or received notice of either the removal of her name as an insured under the policy or of the removal of her car as an insured vehicle.

■ Under Rule 74.04(c)(h), VAMR, summary judgment may be granted only when there is no genuine issue as to any material fact, and the burden here is on the defendant-insurer to so show. We review the record on appeal in the light most favorable to the appellant plaintiff-wife, and we may affirm the summary judgment against her only if the record shows there is no genuine issue of any material fact. A genuine issue of fact for the purpose of avoiding summary judgment exists whenever there is the slightest doubt as to the material facts. *Seliga Shoe Stores v. City of Maplewood,* 558 S.W.2d 328[1–3] (Mo.App.1977). A fact is material if it is "of such legal probative force as would control or determine the litigation." *Ware v. St. Louis Car Company,* 384 S.W.2d 287, 290[2] (Mo.App.1964).

■ In view of the facts recited above as to whether defendant rightfully changed its policy to exclude both plaintiff and her car from coverage, we believe the trial court erred in rendering summary judgment against her. By reversing that judgment we limit our decision to the issue of the summary judgment rendered, without reference to the merits of plaintiff's claim, an issue to be determined by trial on remand.

Judgment reversed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.