Albert A. KOSTELAC, Appellant,

v.

**TRIANGLE TRANSFER COMPANY,**
Respondent.

No. WD 34845.

Missouri Court of Appeals,
Western District.

March 27, 1984.

Michael G. Newbold, Yonke, Shackelford & Arnold, P.C., Kansas City, for appellant.

Donald J. Quinn, Donald J. Quinn, II, Kansas City, for respondent.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

TURNAGE, Chief Judge.

Albert A. Kostelac filed suit against Triangle Transfer Company for vacation pay. On Triangle's motion, the court entered summary judgment in the company's favor. Kostelac contends that summary judgment should not have been granted because questions of fact remain to be resolved. Reversed and remanded.

Kostelac alleged in his petition that he had been employed by Triangle and had earned vacation pay pursuant to the provisions of the Central States Area Local Cartage Agreement. He alleged that he had been discharged from his employment and was entitled, pursuant to the agreement, to a pro rata allowance for vacation pay.

Triangle, by its answer, denied that Kostelac had been fired, and alleged that Kostelac was still an employee of Triangle although Triangle was unable to allow him to work because of a dispute between Triangle and a union. The company further claimed that Kostelac's cause of action was barred even if he had been fired since he failed to follow the grievance procedure provided in the agreement under which he claimed vacation pay.

The deposition of Kostelac was taken but has not been filed with this court. Based on the briefs in this court, it appears the parties agree that Kostelac had been employed by Triangle for 19 years. In August of 1979, he reported for work at the Armco Steel plant where he was under direction to drive a truck. As he was leaving the plant he discovered that a picket line had been established by a union other than the one to which he belonged. Kostelac stopped his truck before crossing the picket line and called Fred Thomson, presi-

dent of Triangle. Kostelac told Thomson about the picket line and stated that he did not cross it. Kostelac stated that Thomson told him that, if he did not drive the truck across the picket line, he was "on call" until further notice. Thomson told Kostelac that he could work if he wanted to and that Thomson wanted him to work. However, Kostelac refused to cross the picket line and has not worked for Triangle since that date.

Kostelac approached Thomson to request vacation pay but Thomson denied it was due since Kostelac had not worked 60% of the working days for the 1979 calendar year, as required by the labor agreement. Kostelac, thereafter, requested that his vacation pay be pro rated in accordance with a provision in the agreement which allows a pro rata vacation amount for a discharged employee.

Triangle filed a motion for summary judgment and attached an affidavit from Thomson. In his affidavit, Thomson stated that Kostelac had been a local truck driver for Triangle since January of 1960 and, in August of 1979, refused to cross a picket line at Armco Steel. He stated Kostelac had refused to return to work at Triangle because the strike giving rise to the picket line had not been settled. Thomson stated that Kostelac's driving job was available and he could return to work at any time. Thomson further stated that Kostelac had not been fired, discharged, or laid off, nor had Kostelac quit his job.

In addition to Thomson's affidavit, portions of the labor agreement were attached to Triangle's motion for summary judgment. One contract provision states that any claim for additional compensation or benefits brought by an employee covered by the agreement must be presented in writing within 30 days from the end of the month in which the employee obtains knowledge of said claim. The provisions relating to vacation pay provide that an employee who has quit or been discharged before he has worked 60% of the working days in a calendar year shall be entitled to vacation pay earned on a pro rata basis provided the employee has worked one full year.

Kostelac also filed a motion for summary judgment and attached his own affidavit. In the affidavit Kostelac recited his refusal to cross the picket line and Thomson's statement that if he did not cross the picket line he should consider himself "on call" and not return to work until he had been called back. Kostelac stated that after this conversation he considered himself laid off until such time as he was called back to work. He stated that he had not been requested to return to work since that conversation. Kostelac further stated that during a conversation with Thomson concerning vacation pay Thomson told him that when Kostelac left his job "the book walked off with him." Kostelac stated that he understood from that remark that Thomson did not consider Triangle bound by the terms of the labor agreement requiring payment of pro rata vacation pay.

 It is beyond question that summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions on file show there is no genuine issue of material fact. *Seliga Shoe Stores, Inc. v. City of Maplewood,* 558 S.W.2d 328, 331[1–3] (Mo.App.1977). The test by which to measure whether a genuine issue of fact exists is to ask if there is the slightest dispute as to the facts. *Seliga,* supra, at 331[1–3]. The pleadings and affidavits before this court reveal considerable disagreement by the parties as to whether or not Kostelac had been discharged from employment. Kostelac took the position that he was discharged when Thomson told him that if he did not return to work and cross the picket line he should consider himself "on call." Kostelac stated that he had not been called to work from August of 1979, until March 13, 1983, when he executed his affidavit, indicating that he had been discharged. Thomson takes the contrary position that Kostelac was not discharged or fired but is still an employee of Triangle. This dispute demonstrates that a question of fact is, indeed, in issue. In addition, this fact is material, since it has legal probative

force as to a controlling issue. *Seliga, supra.* Thus, entry of summary judgment was inappropriate.

The parties also disagree whether or not Kostelac was claiming additional benefits which required him to claim his vacation pay in writing within 30 days following the end of the month in which he knew he had vacation pay due and owing. Triangle takes the position that Kostelac is subject to that provision of the labor agreement and since he did not file a request for vacation time in writing he is barred from claiming those benefits. Kostelac takes the position that his vacation is not an additional benefit, but is simply a benefit conferred by the labor agreement and, thus, he is not required to request vacation pay in writing. Clearly, a second genuine issue of material fact remains to be resolved.

The parties further disagree as to whether, in fact, Thomson stated to Kostelac that when Kostelac left his job in August of 1979 the contract book walked off with him. Kostelac maintains in his pleading and affidavit that Thomson made such a statement, and contends that by this statement Thomson relieved Kostelac of the obligation to request his vacation pay in writing. Kostelac claims that this statement constitutes a repudiation of the agreement by Triangle. In his affidavit Thomson does not mention any such statement. Triangle's brief in this court merely refers to the statement as one allegedly made by Thomson. The word "allegedly" is double underlined. Certainly there is a genuine issue of fact as to whether or not this statement was made.

If it is determined that Kostelac was required by the labor agreement to claim vacation pay in writing within a certain period of time, the fact finder will have to resolve whether or not Thomson told Kostelac that the contract book went with Kostelac when he left the job. The court then would need to address the question of whether that statement, if uttered, was a repudiation. In *Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967), the court indicated that an employee is not limited to the exclusive remedial procedures established by a collective bargaining agreement when the conduct of the employer amounts to a repudiation of those contractual procedures. Thus, if it is found that Triangle, by its agent Thomson, repudiated the agreement in question, Kostelac may maintain this action despite his avoidance of the contractual grievance procedures.

It is apparent from the foregoing that there are several genuine issues of material fact which remain unresolved between the parties. Therefore, this case is not properly subject to disposal by entry of summary judgment. The judgment is reversed and this cause is remanded for further proceedings.

All concur.