Dayle OLSON and Henrietta Olson, Respondents,

v.

AUTO OWNERS INSURANCE COMPANY, an insurance corporation, and Western Auto Insurance Company, (Western Casualty Insurance Co.) an insurance company, Appellants.

No. 49777.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 19, 1985.

Dale L. Davis, E. Mitchell Hough, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for appellants.

Robert L. Hyder, Hyder & Prenger, Jefferson City, for respondents.

MANFORD, Special Judge.

This is a civil action seeking recovery of proceeds under two fire insurance policies. This appeal followed the entry of summary judgment. The judgment is reversed and the cause remanded.

While appellants, Auto-Owners Insurance Company and Western Casualty and Surety Company present five points on this appeal, due to the disposition herein, only one point is taken up and ruled upon and there is no necessity to address the remaining points. In summary, appellants charge the trial court erred in entering summary judgment because the affidavits and exhibits filed by appellants raised or presented genuine issues of material facts.

The record reveals the following pertinent facts:

Respondents Dayle and Henrietta Olson, original plaintiffs at trial, filed their second amended petition on April 29, 1982, seeking recovery of the proceeds of two fire insurance policies. The alleged loss occurred on May 4, 1980. Respondents had filed two previous petitions, to which both appellants filed pre-answer motions, to which respondents filed motions for summary judgment. Related to the original and first amended petition, the trial court overruled respondents' motion for summary judgment and sustained appellants' motion to dismiss. Under the second amended petition, the trial court entered summary judgment for respondents and this appeal followed.

Under their second amended petition, respondents allege that they were the owners of a building which was destroyed by fire; that appellants had issued policies to respondents insuring said property against loss or damage by fire; that said policies were in full force and effect at the time of the loss; and that, therefore, appellants are liable to respondents in the amounts of the policies. Respondents also claimed amounts for vexatious refusal to pay, attorney's fees, and interest. These claims were dismissed by respondents after the trial court sustained their motion for summary judgment on the policies.

On May 6, 1982, appellants filed their pre-answer motions to dismiss, to strike and for more definite statement. These motions were never ruled upon by the trial court.

Respondents filed their motion for summary judgment on September 10, 1982, which, in summary, alleged that there existed no issue of fact between respondents and appellants in all the pleadings before the court; that respondents owned policies of insurance issued by appellants insuring aforementioned property against loss or damage by fire; that said property was destroyed by fire; that said policies were in full force and effect at the time of the loss; that respondents had filed appropriate statements with appellants' adjusters and furnished all information required by appellants' adjusters; and that therefore, appel-

lants were liable to respondents in the amount of the policies. Attached to respondents' motion for summary judgment was the affidavit of respondent Dayle Olson which stated that the facts set forth in said motion for summary judgment were true to the best of his information, knowledge and belief.

Appellants filed suggestions in opposition to respondents' motion for summary judgment on September 20, 1982, in which they asserted, among other things, that there remained genuine issues of fact between the parties. In support of this assertion, appellants attached to and incorporated into their suggestions copies of three letters (dated December of 1980) which had been sent to respondents by appellants' attorneys. The letters informed the respondents that appellants were refusing their (respondents') claims for the reason that respondents had fraudulently concealed or misrepresented certain material facts or circumstances relating to the policies and that, therefore, pursuant to clauses contained in the policies, the policies were void. In these letters, appellants' attorneys set out specific instances in support of their allegations.

On January 3, 1983, appellants filed additional suggestions in opposition with affidavits from witnesses whose sworn statements further supported appellants' first and additional suggestions in opposition.

Finally, on January 5, 1983, appellants filed their second additional suggestions in opposition with affidavit asserting that the policies in question were not in full force and effect at the time of the loss due to respondents breach of the "fraudulent concealment" provisions, and that the appellants were also asserting the affirmative defense of "incendiarism by the insured." (An earlier-filed affidavit by Paul E. Woods, investigator for the Missouri State Fire Marshal's Office, stated that the affiant had investigated the fire in question and that based upon his examination and observation, he was of the opinion that the fire was incendiary.)

On January 17, 1983, respondents filed their suggestions in support of their motion for summary judgment. Thereafter, the case was inadvertently placed back in the general file to await the filing of appellants' response to respondents' brief, and when no response was filed the case was not pulled out for ruling. Therefore, the next activity on the docket was the notice on December 26, 1984, that the case was being removed to the dismissal docket.

Subsequently, the trial court entered its order on January 11, 1985, granting summary judgment in favor of respondents. When the appellants were notified of the order granting summary judgment, the court had dated the order January 11, 1985. However, the appellants filed a written motion for reconsideration in which they complained that they were not given a hearing on respondents' motion for summary judgment. The trial court subsequently granted appellants a hearing during which the court ruled in favor of respondents on their motion for summary judgment, and declared that the judgment would be entered as of the date of the hearing (February 7, 1985) instead of the earlier date of January 11, 1985. This was followed by appellants' motion for reconsideration (accompanied by lengthy but well-written suggestions) which was overruled by the trial court. Appellants' timely filed their notice of appeal.

■ Summary judgment is an extreme and drastic remedy because it borders on denial of due process in that it denies the opposing party his day in court. Therefore, great caution must be exercised in its use. *Kroger Co. v. Roy Crosby Co.*, 393 S.W.2d 843, 844 (Mo.App.1965); *Miller v. United Security Ins. Co.*, 496 S.W.2d 871, 875 (Mo.App.1973); and *Cooper v. Finke*, 376 S.W.2d 225, 229 (Mo.1964).

Summary judgment may be granted only when the pleadings, depositions, admissions and affidavits on file show there is no genuine issue as to any material fact.

Rule 74.04(c); *Kilgore v. Kilgore,* 666 S.W.2d 923, 928 (Mo.App.1984); *Pitman Mfg. Co. v. Centropolis Transfer Co.,* 461 S.W.2d 866, 872 (Mo.1970); and *Reis v. Metropolitan St. Louis Sewer Dist.,* 373 S.W.2d 22, 27 (Mo.1963).

■ A genuine issue of fact exists where there is the slightest doubt as to the facts and summary judgment is therefore precluded so long as the fact in doubt is a material one which has legal probative force and effect as to a controlling issue. *Peer v. MFA Milling Co.,* 578 S.W.2d 291, 292 (Mo.App.1979); *Kaufman v. Bormaster,* 599 S.W.2d 35, 37 (Mo.App.1980); *Kostelac v. Triangle Transfer Co.,* 668 S.W.2d 621, 622 (Mo.App.1984).

Appellants filed their suggestions in opposition with affidavits supporting their assertion that a genuine issue of material fact exists, to wit: that the policies are void because of respondents' fraudulent concealment or misrepresentation of material facts or circumstances in that, among other things, (1) respondents fraudulently concealed from appellants the fact that the insured property was scheduled to be foreclosed upon; (2) respondents committed fraud and false swearing relating to the loss by filing a sworn proof of loss statement swearing that the loss did not originate by any act, design or procurement on respondents' parts; (3) respondents committed fraud and false swearing relating to the loss by filing a sworn proof of loss statement in which they grossly overstated the value of the contents of the premises; (4) respondents concealed material facts concerning their financial condition; and (5) respondents concealed material facts concerning a second mortgage on the insured property. (In total, appellants cite 18 violations of the Auto Owners policy and 12 violations of the Western Casualty policy.)

■ Appellants filed affidavits in support of these allegations which raise the question whether the policies were in full force and effect at the time of the loss. A material fact is one of such probative force as would control or determine the result in the litigation. *State ex rel. McDonnell Douglas Corp. v. Gaertner,* 601 S.W.2d 295 (Mo.App.1980); *Ware v. St. Louis Car Co.,* 384 S.W.2d 287, 290 (Mo.App.1964). The question of the validity of an insurance policy when a party is seeking recovery under the policy is certainly a material fact of such probative force as would control or determine the result of the litigation. *See Dunbar v. Allstate Ins. Co.,* 584 S.W.2d 123 (Mo.App.1979) wherein the court held that the question of whether a plaintiff was covered under an insurance policy was a genuine issue of fact for the purpose of avoiding summary judgment.

■ Respondents incorrectly assert that appellants, by virtue of their pre-answer motions, are deemed to have admitted all facts set forth in their second amended petition. Respondents do not cite their authority for this, however, they apparently are mistakenly relying upon Rule 55.09 which states in part that "[a]verments in a pleading to which a responsive pleading is required, ... are admitted when not denied in the responsive pleadings." Respondents' mistake lies in their interpretation of appellants' pre-answer motions as being responsive pleadings. Rule 55.01 states that pleadings may consist of a petition, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party petition, and an answer to a third-party petition. Appellants' pre-answer motions were not pleadings, the appropriate responsive pleading would have been their answer to respondents' second amended petition. Appellants' pre-answer motions were filed pursuant to Rule 55.27(a), (d) and (e) which, according to Rule 55.25(c) extended the time within which appellants had to file their answer. Since the trial court had not ruled upon appellants' pre-answer motions, their answer was not yet due, therefore, appellants' failure to answer did not constitute an admission.

Review of the record herein, which includes affidavits introduced by appellants,

reveals the presentment of genuine issues of material fact which were not decided by the trial court and remain unresolved. This precludes entry of summary judgment under the Rules.

The judgment is reversed and the cause is remanded for further proceedings.

DOWD, P.J., and REINHARD, J., concur.