**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Respondent,**

v.

**Opal Browning SPENCER, et al. (Exceptions of Richard and Simone Selvidge), Defendants/Appellants.**

No. 59489.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 10, 1991.

J.B. Carter, St. Louis, for defendants/appellants.

John William Koenig, Jr., Government Counsel, Sikeston, for plaintiff/respondent.

KAROHL, Judge.

This is a highway condemnation suit involving 2.94 acres owned by appellants, Richard and Simone Selvidge. The commission awarded property owners $9,275. A jury awarded property owners $8,700. Before the condemnation the land was bisected by a highway overpass. On appeal they claim the court erred in: (1) ruling the Missouri Highway and Transportation Commission owned a fee interest in the existing highway before the condemnation; (2) ruling a prospective denial of free access under the overpass was not an element of damages; and (3) admitting evidence from the expert called by the Commission involving a sale of property in a municipal industrial park as a comparable sale because the sale price was subsidized. We affirm.

In 1979, property owners purchased a tract of land in Poplar Bluff, Missouri, portions of which lie north and south of Highway 53. The northern boundary abuts railroad tracks. Approximately fifty years earlier an overpass was constructed to elevate Highway 53 over the railroad tracks. It was possible to travel under the overpass.[1] In that way the 2.94 acres could be used as one tract although the highway went, more or less, down the middle of the property.

The Commission plans to remove open trestle construction and replace it with fill dirt resulting in a solid embankment. This will completely sever access between the north and south portions. The project requires the condemnation of additional right of way and drainage easements on the north and south sides of the bridge to accommodate the additional width required by new construction. The interest taken in the present condemnation merely widens the interest previously acquired by the Commission.

Property owners' first point on appeal states:

THE COURT ERRED IN RULING THAT THE RESPONDENT WAS ACQUIRING THE RIGHTS WITH REGARD TO THE RIGHT–OF–WAY TAKEN UNDER A FEE INTEREST, IN THAT SAID RULING MISADVISED THE JURY AS TO THE RIGHTS AND INTEREST OF THE REAL ESTATE WHICH PLAINTIFF WAS ACQUIRING, AND LED THEM TO BELIEVE THAT THE RESPONDENT WOULD OWN ALL RIGHTS INCLUDING ACCESS ON A BEFORE AND AFTER BASIS.

Our search of the record discloses no such ruling by the trial court. Property owners refer us to a portion of the transcript containing an objection by their counsel that "the state cannot acquire this property in fee simple title and can only acquire it as an easement for right of way." The objection was made when the Commission's expert was testifying to the basis of his opinion of value. The objection did not require a ruling by the court on what property interest the Commission owned before the present condemnation and no such ruling was made. Point denied.

■ Property owners' second claim of error is related to the first. They claim the court erred in granting Commission's motion in limine to exclude evidence of loss of value due to the "building of a solid fill structure as opposed to an open structure." The issue is whether the property owners, who will no longer be physically able to go from one side of their land to the other by passing underneath the overpass, have on

---

**1.** The only access available to the southern portion of the tract is by traveling under the overpass.

that account an added compensable element of damages.

Property owners claim a right to damages for loss of their "right to access across the underpass." A right of access has long been recognized as a compensable interest in this state. *State ex rel. State Highway Commission v. Clevenger*, 365 Mo. 970, 291 S.W.2d 57, 62 (1956); *State ex rel. State Highway Commission v. James*, 356 Mo. 1161, 205 S.W.2d 534, 537 (banc 1947); *Wilson v. Kansas City*, 162 S.W.2d 802, 803 (Mo.1942). However, the right which has been recognized and protected is that of an abutting property owner to pass freely from his property to the street. *State ex rel. State Highway Commission v. Meier*, 388 S.W.2d 855, 857 (Mo. banc 1965); *Deutsch v. City of Ladue*, 728 S.W.2d 239, 242 (Mo.App.1987). When this right of access is later extinguished, compensation has been allowed. *See State v. Brockfeld*, 388 S.W.2d 862, 864 (Mo. banc 1965).

The premise underlying the argument made by property owners is the right of access encompasses their claim. That contention is not true. Recognition of damages when a taking will interfere with the right of ingress and egress from the abutting property to the road does not include access between parcels separated by the highway. *See Clevenger*, 291 S.W.2d at 62.

In *Clevenger*, our Supreme Court drew the distinction between assessing damages for the loss of ones "right of access to the road" and "separation of [one's] land" due to future construction of the road. The condemnation at issue in *Clevenger* included land appropriated for the location of a highway to be built. After construction the highway would bisect property owners' land. On appeal, property owners claimed damages for the limitation of their access to the new highway. The court noted the evidence adduced at trial confused the "supposed right of access to the road, and the inconvenience of access from one part of the farm to the other; after the location of the new highway." The case warranted reversal and remand for retrial because property owners' claim of right to access was not compensable. The court reasoned:

there could be here no taking of an easement of access to the new roadway, because no prior right of access existed; thus, the supposed deprivation of a right of access to the road itself could not constitute a compensable element of damage.

Although not tantamount to a right of access, the court further held separation of land into different tracts may be compensable. It stated:

evidence of the manner, nature and extent of the taking, the separation of defendants' land into different tracts, and the added inconvenience, if any, in going about the farm, may properly be considered by the jury in assessing the total net damages to the land, together with any other similar circumstances.

Therefore, property owners' claim amounts to a request for damages due to separation of their land, not loss of access. The right of ingress and egress from abutting property to a road, and the subsequent damages due to loss of this right, is inapplicable to this case and cannot be compensable. Furthermore, property owners are not entitled to separation damages. The original easement separated the parcels, an event which occurred when the Commission acquired the necessary rights to build the original highway thirty years before property owners purchased their land. *See Riggs v. City of Springfield*, 344 Mo. 420, 126 S.W.2d 1144, 1150 (banc 1939). Compensation for separation should have been reflected in the damages awarded at that time. Even if the land in question was not under single ownership at the time the Commission acquired the original easement, the result is the same. The reason being the easement is a matter of record. When the land came under the control of one owner, the purchase price should have reflected any lost value due to the easement. The widening of an easement which already separates the parcels does not result in additional damages.

The Commission may purchase or condemn land to acquire a right of way for the

location, construction, reconstruction, widening, improvement or maintenance of any state highway or any part thereof. Section 227.120 RSMo 1986. The same was true at the time of the original taking. Generally, fee simple title does not pass to the state. *State v. Hall,* 351 S.W.2d 460, 463 (Mo. App.1961). The Commission is not permitted to condemn the fee. *James,* 205 S.W.2d at 537. Nor does it acquire a fee by conveyance. *See State ex rel. State Highway Commission v. Jacob,* 260 S.W.2d 22 (Mo.1953). It acquires only an easement when condemning for right of way purposes. *Brockfeld,* 388 S.W.2d at 864; *James,* 205 S.W.2d at 537.

Nothing in the record provides this court with any information about the specific rights acquired by the Commission or retained by the property owners when the highway was built. Therefore, we presume the Commission acquired rights to the fullest extent permitted. *Shell Pipe Line Corporation v. Woolfolk,* 331 Mo. 410, 53 S.W.2d 917, 918 (1932); *Citizen's Electric Corporation v. Amberger,* 575 S.W.2d 796, 798 (Mo.App.1978).

Before this condemnation the owners had the right to use their land for every purpose not incompatible with the public easement. *Baum v. Glen Park Properties,* 660 S.W.2d 723, 726 (Mo.App.1983). Included is the right to pass underneath the bridge. *Pemberton v. Dooley,* 43 Mo.App. 176, 179 (1891). However, a property owner has no right to insist the public use remain precisely the same. *Riggs,* 126 S.W.2d at 1149. The *Pemberton* court recognized this principle when it stated the right to pass under a bridge is "subject to a paramount right in the public, to improve the roadway, to erect, or rebuild, bridges thereon and the like...." *Pemberton,* 43 Mo.App. at 179. More recently in *Hill–Behan Lumber Co. v. State Highway Commission,* 347 Mo. 671, 148 S.W.2d 499, 501 (1941), the court upheld an instruction telling the jury not to assess damages for roadwork done on land which the state has previously acquired as a right of way. The court found work done within the confines of a right of way previously acquired does not require additional compensation. *Id.*

Thus, Commission's interest before the present condemnation was that of an easement for right of way purposes. Absent evidence to the contrary, and there is none, property owners may pass under the overpass while not interfering with the Commission's reasonable use of its easement. Construction of the embankment is consistent with a reasonable use of the easement. This is not a new taking and therefore was properly excluded as an element of damages. Damages for the loss of use were paid for at the time of the original taking and that loss of use is not now compensable. Point denied.

Property owners' final allegation of error is the trial court abused its discretion by permitting the Commission's expert to testify about a sale within a municipally developed industrial park. They contend this transaction is not a comparable sale and therefore should not be considered in determining the value of the condemned property.

Mr. Sexton, the Commission's expert, testified about four sales he relied upon in determining the condemned property's value. The following exchange occurred during the direct examination of Mr. Sexton by the Commission.

SEXTON: There was—the city of Poplar Bluff has developed an industrial park along the south side of Poplar Bluff. They have had—have several occupants down in that industrial park and they have been relatively successful in the development of that land and the disposition of that land. And basically what they have done is gone down there and bought a large block of land and developed it with streets, water, sewer, natural gas, railroad accessibility and that type of thing, and they turn around then and offer these sites to potential industrial users. And the fact of the matter is that they may pay—they may pay $8,000.00 an acre for a site and then put a lot more money in it, and then make the offering that they have consistently offered the land for sale at $5,000.00 per acre. That is Poplar

Bluff's way of saying, "Hey, industry, we have some nice property for you at a very reasonable price and we would like to see you locate there." So consequently, that offering being made on—

MR. CARTER: Your Honor, I will object to—to that being used as a comparable sale on the basis that the witness has indicated. This is being sold on—on a collateral benefits to the city. It is not at arm's length (sic) transaction for that reason.

THE COURT: Overruled.

 Comparable sales consist of evidence of sales reasonably related in time and distance and involve land comparable in character. *Land Clearance Redevelopment Authority v. Kansas University & Endowment Association*, 797 S.W.2d 495, 499 (Mo.App.1990) (citing *State ex rel. State Highway Commission v. Southern Development Co.*, 509 S.W.2d 18, 27 (Mo. 1974)). Evidence of such sales are admissible to aid the trier of fact in determining the amount of compensation. *In re Armory Site in Kansas City*, 282 S.W.2d 464, 473 (Mo.1955); *State ex rel. Missouri Highway & Transportation Commission v. Vitt*, 785 S.W.2d 708, 713 (Mo.App.1990). The evidence may have been of little probative value. However, any dissimilarities between the property being condemned and properties evidencing comparable sales go to the weight of the evidence not its admissibility. *State ex rel. Missouri Highway Transportation Commission v. Roth*, 687 S.W.2d 662, 666 (Mo.App.1985).

In this case, both properties were in Poplar Bluff, Missouri; both were zoned industrial; and the industrial park tract was sold in 1986, only three years prior to the taking. The evidence was sufficient to admit this as a comparable sale even if it was of minimal probative value. Furthermore, Mr. Sexton was qualified as an expert real estate appraiser without objection. He described the industrial park sufficiently to establish the similarities and dissimilarities of the property. Further discrepancies were brought out on cross-examination. The jury was entitled to hear this evidence and consider any dissimilarities in evaluating the weight given the testimony. The court did not abuse its discretion.

Judgment of the trial court is affirmed.

SMITH, P.J., and AHRENS, J., concur.