STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,

v.

UNION REALTY AND SECURITIES COMPANY, et al., Exceptions of Union Realty and Securities Company, et al., Defendants/Respondents.

No. 60278.

Missouri Court of Appeals, Eastern District, Division Four.

April 14, 1992.

Rich Tiemeyer, Chief Counsel, Paul R. Ferber, Dist. Counsel, Laura A. Schildz, Asst. Counsel, St. Louis, for plaintiff, appellant.

Charles W. Niedner, St. Charles, for defendants, respondents.

KAROHL, Judge.

This is a condemnation suit involving a partial taking of approximately ten acres for a highway easement from defendant, Union Realty & Securities Company's, property. The court entered judgment based on a jury verdict for $338,000 as damages but with adjustments for interest and previous payments. Plaintiff, Missouri Highway & Transportation Commission (Commission), appeals this award claiming instructional error. We affirm.

The Commission condemned land to facilitate a highway improvement project at the interchange of Missouri Route 79 and Interstate 70 in St. Charles County. Defendant owns a 149 acre tract that was divided into three contiguous parcels designated eastern, western and central. The eastern parcel is not at issue in this case.

At trial, the parties disputed the highest and best use of the parcels. Defendant presented two valuation witnesses, both of whom testified the highest and best use of the three parcels was industrial, with the exception of approximately thirteen acres in the central tract designated as commercial.

The Commission's only valuation expert, John Lightle, testified on direct examination that when deposed prior to trial he believed the highest and best use of both the central and western tracts would continue as industrial. After the deposition he changed his opinion. He discovered problems with the availability of sewer and water connections to the western and central tracts. They were not as accessible as he had assumed. Based on further investigation he changed his opinion of highest and best use after the taking. At trial he opined the highest and best use after taking would be "interim agriculture." [1] He did not, however, change his opinion as to the amount of damages. He valued the central and western tracts before and after the taking by using comparable sales for industrial use. He did not base his opinion on any agricultural sales, interim or otherwise.

The trial court gave Instruction No. 5, offered by property owners and patterned after MAI 34.02, to the jury:

> The evidence of John Lightle as to his opinion of the values of, and damages to, defendant's western and central parcels of land is withdrawn from the case, except as it may rebut defendant's evidence, and you are not otherwise to consider such evidence in arriving at your verdict.

The court overruled the Commission's objection to this instruction. The jury returned a verdict favorable to defendant and the court entered judgment based on the verdict. The Commission now appeals claiming prejudicial error in the giving of this limited withdrawal instruction. It offers five points in support of this claim.

■ Withdrawal instructions are appropriate to avoid misleading the jury with improper evidence. MAI 34.01 [1978 Revision] Comment; *See Bradley v. Browning–Ferris Industries Inc.*, 779 S.W.2d 760, 765 (Mo.App.1989). The giving or refusing of a withdrawal instruction is discretionary, *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 209 (Mo. banc 1991), and reviewable for abuse. *Dunkin v. Reagon*, 710 S.W.2d 498, 501 (Mo.App.1986). Abuse occurs when the "trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.*

■ The Commission contends the court erred in giving Instruction No. 5 because the testimony of its expert, concerning the value of and damages to the western and central parcels, was probative on values and supported by a factual foundation. Therefore, the court improperly withdrew the testimony. Defendant responds, this testimony lacks the proper foundation to be probative because Mr. Lightle expressed the view that the after taking use was agricultural. Furthermore, Mr. Lightle admitted he had no comparable sales data to support an opinion of value after taking for "interim" agricultural property. The sales Mr. Lightle testified he relied on to support his opinion pertained only to industrial property, not property with "interim agricultural" qualities, his stated highest and best use after taking. Thus, his opinion was unsupported and it is not probative on the after taking value.

■ Comparable sales consist of evidence of sales reasonably related in time and distance and involve land comparable in character. *State ex rel. Missouri Highway & Transportation Commission v. Spencer*, 820 S.W.2d 87, 91 (Mo.App.1991). This is the test of its admissibility. *City of Springfield v. Love*, 721 S.W.2d 208, 217 (Mo.App.1986). Only when found comparable may the jury then consider any dissimilarities. *See Spencer* 820 S.W.2d at 91.

---

1. It is not clear how evidence of after taking value for a temporary and undefined period is probative on the issue of the measure of damages.

Here, the court evidently found sales of industrial properties not supportive of an opinion of after taking value of "interim agricultural" property. The court stated it did not believe one can have an expert witness testify as to the "highest and best use being agricultural and then give an evaluation on agricultural with no use [sic] agricultural comparable and with an affirmative definite statement that the comparables are industrial comparables." The court did not abuse its discretion in reaching this conclusion. Mr. Lightle testified the property in question has an interim highest and best use as agricultural land and an industrial use at a later date. The "comparables" he based his opinion on were of property presently industrial. He could not or did not indicate when the property in question would be usable as industrial or why the changed classification of the property did not result in a corresponding change in value. Without additional facts to support his opinion it is impossible to determine the "comparable" sales he relied on were comparable in character to the defendant's land. The unsupported opinion was not probative of the after taking value. Nothing in the court's decision to impose a limited reference to Mr. Lightle's testimony is clearly against the logic of the circumstances or unreasonable. *Dunkin,* 710 S.W.2d at 501.

■ Next, the Commission puts forth two reasons why Instruction No. 5 should not have been given in conjunction with Instruction No. 4. Instruction No. 4 states as follows:

The burden is on the defendants to cause you to believe that they have sustained damage and the amount thereof. In determining the amount of your verdict, you must consider only the evidence and the reasonable inferences derived from the evidence. If you do not believe certain evidence, then you cannot consider that evidence in arriving at the amount of your verdict.

It is asserted these instructions are contradictory and confusing to the jury. Specifically, the Commission argues Instruction No. 5 "effectively removes the burden of

proof from defendant because, by using plaintiff's evidence as rebuttal evidence only, it implies to the jurors that defendant's evidence is presumed to be true."

■ An instruction placing the burden of proof on the wrong party constitutes prejudicial error. *Campbell v. Terminal R.R. Ass'n of St. Louis,* 235 Mo.App. 56, 126 S.W.2d 915, 919 (1939). The giving of conflicting instructions will confuse the jury and result in error. *See State ex rel. State Highway Commission v. Flick,* 427 S.W.2d 469, 471 (Mo.1968); *see also Campbell,* 126 S.W.2d at 920. This is determined by how it is understood by a jury of ordinary intelligent laymen. *Brickner v. Normandy Osteopathic Hospital, Inc.,* 746 S.W.2d 108, 117 (Mo.App.1988).

In support of its argument the Commission does little more than assert without explanation that "it is clear that the jurors must have been confused in attempting to apply both of these instructions," and that the jurors cannot apply the two instructions because they "obviously contradict each other." The Commission cites only general propositions of law. These propositions, however, are insufficient to explain why the jury in this case would be confused.

Instruction No. 4 requires the defendant to prove it has sustained damage and the amount thereof. Instruction No. 5 does nothing more than limit the extent to which the jury may consider Mr. Lightle's testimony. Instruction No. 4 does not expressly or implicitly conflict with Instruction No. 5 and considered together these instructions would not confuse a jury of ordinary, intelligent laymen as to the burden of proof.

■ The Commission also contends defendant failed to show no prejudice would result to the Commission by the giving of the non-MAI Instruction No. 5. The Commission, citing *Powers v. Ellfeldt,* 768 S.W.2d 142, 145–146 (Mo.App.1989), relies on the proposition that deviations from MAI are presumptively prejudicial error, and the burden of establishing non-prejudice is on the party offering the instruction. Again the premise of its claim of

prejudice is that the jury will assume the burden of proof is now on the Commission rather than defendant. There is no factual basis to find a jury would ignore the plain meaning of Instruction No. 4.

Finally, the Commission claims Instruction No. 5 was used to clarify the burden of proof which is not one of the intended purposes of withdrawal instructions. We find no merit to this argument. Nothing in the record indicates the court gave the withdrawal instruction to clarify or alter the burden of proof. To the contrary, the court gave the instruction because the sales relied on by the Commission's expert were not comparable to the property in question and his opinion of value after taking was unsupported. The instruction properly withdrew non-probative evidence of value.

Accordingly, we find the trial court did not abuse its discretion in giving withdrawal instruction No. 5. The judgment of the trial court is affirmed.

SMITH, P.J., and AHRENS, J., concur.

