Patricia DUNKIN, Appellant,

v.

Duane Albert REAGON and Sam
Young, Inc., Respondents.

No. WD 36778.

Missouri Court of Appeals,
Western District.

May 27, 1986.

Ronald R. Holliger, Kansas City, for appellant.

B.W. Jacob, Bagby & Jacob, Kansas City, for respondents.

Before CLARK, C.J., and KENNEDY and LOWENSTEIN, JJ.

CLARK, Chief Judge.

Plaintiff sued defendant truck line and truck driver for injuries and property damage sustained in a vehicle collision. A jury returned its verdict for defendants and this appeal followed.

The accident occurred October 5, 1979 on Interstate Highway 70 near the Truman Sports Complex. Both vehicles, plaintiff's passenger car and defendants' semi-tractor trailer, were westbound in a divided trafficway consisting of three lanes for travel in the direction the parties were moving. It was agreed by the two witnesses, plaintiff and the truck driver, that the collision occurred in the center lane of the three. Beyond that, there was dispute as to what was the cause of the impact. Plaintiff's version was that the truck had been in the inside lane and struck her car when the truck moved into the center lane where her vehicle was already located. Defendant contended the truck was substantially in the center lane and was struck when plaintiff attempted to maneuver from the outside lane into the center lane. Liability was the determinative issue in the case.

Appellant's first and primary point on appeal contends that the trial court erred in excluding the testimony of her expert witness, one Glass, who purportedly would have testified that the accident could not have happened as the truck driver, Reagon, described. The ruling on the admissibility of the testimony occurred in the following manner. Defendants filed a motion in limine on the second day of trial after the jury had been selected, opening statements had been made and one witness had testified. The motion asserted that an attempt by plaintiff to call an accident reconstruction witness was anticipated. Defendants objected to the reception of such evidence

from a witness who had not seen the accident when it happened.

The motion was called up for disposition at the opening of court on the second trial day. Plaintiff's counsel noted that the court and jury had heard the testimony of the truck driver, the witness who testified the previous day, and that plaintiff intended to call an expert, Glass, who would testify "that from the physical evidence, the testimony of the defendant and the plaintiff and the police officer and the police report that he can reconstruct this accident to help the jury understanding (sic) that the accident didn't happen as alleged and testified to by the defendant." No further elicitation of Mr. Glass's testimony was provided and, although plaintiff's attorney stated that he would make an offer of proof, none was submitted beyond the statement quoted above.

The record does not disclose on what basis the witness Glass was asserted to have expert qualification. We know only that he would utilize the evidence otherwise available to the jury, the testimony of the parties and the results of the post-accident police investigation, to give his opinion of how the collision must have occurred. Presumably, the opinion would have been that the impact was caused, as plaintiff contended, by movement of the truck from the inside traffic lane into the lane where plaintiff's vehicle was situated.

■ The point contending that exclusion of the testimony by witness Glass was error has not been preserved for appellate review. The proper procedure to present and preserve an offer of proof is to put the witness on the stand and propound the questions. The offer must show all the facts necessary to establish the admissibility of the testimony sought to be introduced and must be specific and definite, not a mere statement of the conclusions of counsel. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983); *State v. Sullivan*, 553 S.W.2d 510, 513 (Mo.App.1977). If no offer of proof is made, any error in exclusion of evidence is

not preserved. *Buder v. Martin,* 657 S.W.2d 667, 670 (Mo.App.1983).

In her brief, appellant asserts that counsel was willing to make an offer of proof as to the content of witness Glass's testimony but the offer was rejected. The record does not bear out this assertion, at least if it be construed to suggest that the trial court prevented the formal presentation of an offer. The attorney did say that he would make an offer of proof "if necessary," but he did not do so, did not undertake to call witness Glass to the stand and made no request for leave to supplement in any detail his conclusionary description of the proffered evidence. The point is therefore not available for review.

Even were the alleged error to have been preserved, however, the contention that the testimony was improperly excluded has no merit. The opinion evidence by the witness as to how the accident must have happened was not admissible.

In the case of *Housman v. Fiddyment,* 421 S.W.2d 284, 289 (Mo. banc 1967), the court stated the rule as to admission of opinion testimony by experts:

> "An expert witness, in a manner, discharges the functions of a juror; and his evidence should never be admitted unless it is clear that the jurors themselves are not capable, for want of experience or knowledge of the subject, to draw conclusions from the facts proved."

The decision to admit or exclude expert testimony is one left to the discretion of the trial court and if the subject upon which the expert proposes to testify is one of everyday experience, the jurors are competent to decide the issue without the aid of expert opinion. *Wessar v. John Chezik Motors, Inc.,* 623 S.W.2d 599, 602 (Mo.App.1981). In automobile collision cases particularly, an opinion as to the point of impact describing a conclusion based on a hypothetical question is not admissible. *Kunce v. Breen,* 671 S.W.2d 23, 26 (Mo.App.1984).

Assuming, as we must for want of an adequate offer of proof, that witness Glass would have responded to a hypothetical question based on the testimony and exhibits in the case and would have expressed his opinion as to how the collision occurred, the trial court correctly excluded that evidence. The jury was fully qualified to reach its own decision from the same evidence as that which would have been considered by the proffered expert, the traffic problems on a congested trafficway being matters of everyday experience.

The second point of error contends that the trial court erred in submitting the form of verdict in the language recommended by the MAI Committee for use in comparative fault cases. The form appears in 40 Journal of the Missouri Bar p. 40–41 (1984) and was intended to supply guidance to trial courts following the decision in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). It must be acknowledged that to date, the Missouri Supreme Court has neither approved nor disapproved the committee recommendation. Appellant says the form is misleading and confusing to a jury because it does not initially instruct the jury that a general verdict for plaintiff should be returned even though the percentage of fault attributable to defendant is less than 50%.

The verdict form is essentially in two components as considered by the jury. The first decision to be recorded on the form is the choice between a verdict for plaintiff or a verdict for defendant. The form instructs that the remaining paragraphs in which monetary damages and percentages of fault are entered is to be used only if the decision has been made to return a verdict for the plaintiff. Appellant argues here that the form denies a plaintiff any fair opportunity for a verdict where some fault is attributable to the plaintiff. This follows, appellant says, because the verdict form does not caution at the outset that a plaintiff may be entitled to a verdict even though at fault more than 50%. The contention rests on a faulty premise, namely, that the jury utilizes the form of verdict without reference to the other instructions in the case.

The absence of a MAI approved form of verdict for use in comparative fault cases necessarily casts upon the parties, and ultimately the court, the task of providing a form which fairly and accurately meets the situation of the case on trial. Where the charge is made, as here, that an instruction is confusing or misleading, the initial resolution of the issue is made by the trial court in the exercise of its discretion. The rationale is that the trial judge is in the best position to evaluate the effect of the instruction on the jury and his decision will not be disturbed absent an abuse of discretion. *Affiliated Foods, Inc. v. Strautman,* 656 S.W.2d 753, 758 (Mo.App.1983). Abuse occurs when a trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Edmonds,* 468 S.W.2d 685, 688 (Mo.App.1971). Assuming for the sake of the argument that the form of verdict is an instruction, the question is whether the trial judge in this case abused his discretion by using the form of verdict recommended by the MAI Committee.

It must be assumed that jurors in a case are persons of average intelligence and that the jury considers all instructions given, not merely the form of verdict as appellant's contention implies. In this case, the jury was told in Instruction 7 that its verdict must be for the plaintiff and that a percentage of fault must be assessed against defendants if it believed that the truck driver was negligent in the particulars listed and that plaintiff suffered damages therefrom. The jury was also instructed that it was to assess a percentage of fault against plaintiff if it believed plaintiff was negligent in certain respects and if that negligence contributed to cause plaintiff's damages. Finally, the jury was instructed to return a verdict for the defendants unless it believed defendants were negligent.

Under these instructions, the jury was obligated to award a verdict to the plaintiff and to apportion fault unless it found the defendants were not negligent. Then, and only then, was it possible to return a verdict as was delivered in this case. The argument fielded by appellant to the effect that a jury would not proceed to apportion fault under a plaintiff's verdict if there was negligence on the part of defendants to a lesser degree is untenable because it rests on an assumption that the jury did not follow all the instructions. The verdict as returned is consistent with a finding under the instructions that defendants were not negligent. It also follows, therefore, that use of the MAI Committee recommended form of verdict was not an abuse of discretion but was appropriate to the case.

The judgment is affirmed.

All concur.