Elaine **PICKEL**, Appellant,

v.

Ronald **GASKIN**, M.D. and Daniel
Fabito, M.D., Respondents.

No. ED 85903.

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 2006.

Application for Transfer Denied
Oct. 31, 2006.

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Matthew J. Padberg, St. Louis, MO, for appellant.

Philip L. Willman, St. Louis, MO, John T. Eckenrode, Clayton, MO, for respondents.

PATRICIA L. COHEN, Judge.

### Introduction

Elaine Pickel ("Plaintiff") appeals from a judgment entered in favor of Daniel Fabito, M.D., Ronald Gaskin, M.D. and Southwest Medical Center, Inc. (collectively "Defendants") following a jury trial in the Circuit Court of the City of St. Louis on her claim of wrongful death. Plaintiff contends that the trial court erred in submitting Defendants' proposed verdict form. We affirm.

### Statement of the Facts and Proceeding Below

Plaintiff filed suit against Defendants, as well as Tenet Health System Di–T d/b/a Southwest Medical Center, Inc.[1], alleging medical malpractice, following the death of her husband, Russell Pickel, from surgical complications. The suit proceeded to trial against both doctors individually as well as against Southwest Medical Center, Inc., Dr. Gaskin's employer. At the conclusion of the evidence, the trial court held an instruction conference. At the conference, Plaintiff offered and the trial court agreed to submit the following verdict directors:

In your verdict you must assess a percentage of fault to Ronald Gaskin, M.D. and Southwest Medical Center, whether or not Daniel Fabito, M.D. was partly at fault, if you believe:

First, defendant Ronald Gaskin, M.D., either:

failed to surgically remove the BCIR or perform a diversion procedure between March 5, 2001 and April 20, 2001 or

failed to fully explore the abdomen and remove or drain the gallbladder

on March 26, 2001, or failed to drain the gallbladder on April 24, 2001, and

Second, defendant Ronald Gaskin M.D., in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, such negligence directly cause or directly contributed to cause the death of Russell Pickel.

In your verdict you must assess a percentage of fault to Daniel Fabito, M.D., whether or not Ronald Gaskin, M.D. was at fault, if you believe:

First, Russell Pickel had an intestinal leak on March 2nd, 3rd, 4th, and

Second, defendant Daniel Fabito, M.D. failed to perform exploratory surgery on Russell Pickel for that leak on March 2nd, 3rd, 4th, and

Third, defendant Daniel Fabito, M.D. was thereby negligent, and

Fourth, such negligence directly caused or directly contributed to cause the death of Russell Pickel.

With respect to the verdict form, the parties engaged in extensive off-the-record discussions, culminating in the trial court's rejection of Plaintiff's proposed verdict form and the acceptance of Defendants' proposed verdict form. Plaintiff's proposed verdict form was based on a modification of Missouri Approved Jury Instructions ("MAI") 36.22 and provided as follows:

Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of

---

1. Plaintiff dismissed her claim against Tenet Health System Di–T d/b/a/ Southwest Medical Center, before trial.

those listed below, the total of such percentages must be a 100%.

On the claim of plaintiff Elaine Pickel for wrongful death, we, the undersigned jurors, assess percentages of fault as follows:

Defendants Ronald Gaskin, M.D. and Southwest Medical Center _____% (zero to 100%)

Defendant Daniel Fabito, M.D. _____% (zero to 100%)

TOTAL _____% (zero OR 100%)

Note: Complete the following, if you assessed a percentage of fault to one or more defendants. Complete by writing in the amount of damages, if any, for each of the following itemized categories. If you do not find that plaintiff has damages in a particular category, write "none" in that category. The total damages must equal the total of the itemized damage amounts you have assessed.

We, the undersigned jurors, find the total damages of plaintiff as follows:

For past economic damages including past medical damages $_____

For past non-economic damages $_____

For future non-economic damages $_____

TOTAL DAMAGES $_____

Note: The judge will compute the plaintiff's recovery under the law and the percentages of fault you assess.

Defendant Fabito offered and the trial court agreed to submit the following verdict form based on modifications of MAI 36.21 and 36.22:

Note: Complete this form by writing in the names required by your verdict.

On the claim of plaintiff Elaine Pickel for personal injuries against defendants Ronald Gaskin, M.D. and Southwest Medical Center, we, the undersigned jurors, find in favor of:

_____

(Plaintiff Elaine Pickel) OR (Defendants Ronald Gaskin, M.D. and Southwest Medical Center, Inc.)

On the claim of plaintiff Elaine Pickel for personal injuries against defendant Daniel Fabito, M.D. and Southwest Medical Center, we, the undersigned jurors, find in favor of:

_____

(Plaintiff Elaine Pickel) OR (Defendant Daniel Fabito, M.D.)

Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be a 100%.

On the claim of plaintiff Elaine Pickel for wrongful death, we, the undersigned jurors, assess percentages of fault as follows:

Defendants Ronald Gaskin, M.D. and Southwest Medical Center _____% (zero to 100%)

Defendant Daniel Fabito, M.D. _____% (zero to 100%)

TOTAL _____% (zero OR 100%)

Note: Complete the following if you assessed a percentage of fault to one or more defendants. Complete by writing in the amount of damages, if any, for each of the following itemized categories. If you do not find that plaintiff has damages in a particular category, write "none" in that category. The total damages must equal the to-

tal of the itemized damage amounts you have assessed.

We, the undersigned jurors, find the total damages of plaintiff as follows:

For past economic damages including past medical damages $_____

For past non-economic damages $. . . . . . . . . . .

For future non-economic damages $. . . . . . . . . . .

Note: The judge will compute the plaintiff's recovery under the law and

the percentages of fault you assess.

As a basis for rejecting Plaintiff's proposed verdict form, the trial court stated, in relevant part, the following:

The Court elects to go with this verdict form which first requires the jury to make a finding against a particular doctor, then proceeding into the percentages, if any, of the doctors and medical center, if they find against one or both doctors, and then the damages.

. . .

There's no guidance one way or the other, but [Plaintiff's verdict form] would appear to have a possibility of confusion in that it does not specifically direct the jury to make a finding in favor of plaintiffs, or of particular defendants, before proceeding into percentages of fault.

Due to the circumstances of this case, this Court finds that the [Defendants'] verdict form, which requires that finding first, before the percentage of fault finding, would be clear to this jury, so that the Court rejects [Plaintiff's verdict form].

Plaintiff's counsel responded to the trial court's on-the-record comments regarding the verdict form as follows:

So the record is clear, we object to the use of the verdict the court is choosing as not being an MAI instruction.

. . .

My objection is it's not an MAI verdict form. It's confusing because the verdict director talks about percentage of fault and the verdict form does not address that issue. We object to that.

Following the trial court's reading of the instructions, counsel argued the matter. With respect to the verdict form, Plaintiff's counsel addressed the liability aspects of the verdict form as follows:

I'm going to address the questions of liability. That's what the first page talks about. Of course we believe the evidence indicates that what you need to do is fill out Elaine's name here, Elaine's name here, and down here you decide between the two doctors which one is at what degree of fault.

The jury returned a verdict for Defendants. On the verdict form, the jury inserted the name of Ronald Gaskin, M.D. on the first blank line and David Fabito, M.D. on the second blank line. Where instructed to fill in percentages of fault, the jury inserted 0% next to Ronald Gaskin, M.D. and Southwest Medical Center, 0% adjacent to Daniel Fabito, M.D. and 0% next to "total." In the third section of the verdict form, the jury wrote $0 next to each separate damages line item.

Plaintiff filed a Motion for New Trial asserting, *inter alia*, that the trial court erred in submitting Defendants' proposed verdict form because it was "confusing, misleading and not sanctioned by the MAI." Plaintiff also contended that the verdict form was improper given the verdict director used by the trial court. Subsequent to the trial court's denial of the Motion for New Trial, Plaintiff appealed.

### Standard of Review

■ The use of verdict forms published in the MAI is mandatory in any case the verdict form applies. *Nagy v. Missouri Highway. and Transp. Comm'n.*, 829 S.W.2d 648, 653 (Mo.App. E.D.1992). However, in the absence of an MAI-approved verdict form, the trial court must provide a form which "fairly and accurately meets the situation of the case on trial." *Dunkin v. Reagon*, 710 S.W.2d 498, 501 (Mo.App. W.D.1986). When a party contends that the verdict form is confusing or misleading, the trial court resolves the issue "in the exercise of its discretion." *Id.* Because the trial court is in the best position to evaluate the effect of the verdict form, we will not disturb the decision of the trial court absent an abuse of discretion. *Id.* The party claiming prejudicial error must show that the offending instruction misdirected, misled or confused the jury. *Environmental Protection, Inspection and Consulting, Inc. v. City of Kansas City*, 37 S.W.3d 360, 366 (Mo.App. W.D.2000).

■ A party may not raise an objection to a verdict form for the first time in a motion for new trial or on appeal. *Lewis v. State*, 152 S.W.3d 325, 327 (Mo.App. W.D.2004). The objection must be raised either at the instruction conference or when the verdict is returned by the jury, but before the verdict is accepted by the court. *Id.* Where a party fails to properly object, we review only for plain error. *Id.* To establish that an error involving a verdict form rises to the level of plain error, a party "must demonstrate that the trial court so misdirected or failed to instruct the jury that it is evidence that the in-structional error affected the jury's verdict." *Id* at 328.

### Discussion

Plaintiff asserts in her sole point on appeal that the trial court erred in submitting Defendants' proposed verdict form because it: (1) was an "unsanctioned modification," (2) gave the jury a roving commission and (3) was confusing and ambiguous resulting in prejudice. Defendants contend that the MAI did not provide a verdict form to fit the facts and legal theory of this case and therefore the trial court properly modified an MAI verdict form by submitting Defendants' proposed verdict form.

■ Both Plaintiff and Defendants offered a verdict form that modified an existing MAI verdict form. Plaintiff offered a modified version of MAI 36.22. Defendants offered a form that modified both MAI 36.22 and 36.21. The parties properly offered modified verdict forms because the MAI lacks a verdict form that fits this case, i.e. an action against health care providers involving a plaintiff and multiple defendants with apportionment of fault among the defendants and no submission of comparative fault on the part of the plaintiff. Thus, we reject Plaintiff's contention that the trial court erred in submitting a modification of an MAI verdict form.[2]

Our determination that the trial court did not err in modifying a verdict form to fit the facts of this case does not resolve the issue raised by Plaintiff regarding whether the trial court ultimately submitted a proper verdict form to the jury.

---

**2.** Plaintiff appears to argue that the verdict form in MAI illustration 35.22 fits this case and is mandatory. As MAI 35.00 makes clear, the MAI illustrations do not constitute mandatory instructions. In any event, Plain-tiff did not offer a verdict form identical to the verdict form used in MAI 35.22. Rather, like the Defendants, Plaintiff modified an existing MAI verdict form.

Plaintiff argues that the "primary flaw in using Defendants' verdict form was that there was no corresponding verdict director to instruct the jury in finding for or against either party in the form's first verdict submission." More specifically, Plaintiff contends that the verdict directors offered by Plaintiff and submitted by the trial court did not properly instruct the jury how to reach a verdict. Plaintiff further claims that the verdict form used by the trial court contains, in actuality, two verdicts, but the trial court only used "one set of verdict directors."

 As an initial matter, the trial court submitted the verdict directors offered by Plaintiff. *See Hein v. Oriental Gardens, Inc.*, 988 S.W.2d 632, 635 (Mo. App. W.D.1999) ("[T]he Appellant certainly could not be heard to complain about any confusion cause by the verdict director inasmuch as it was submitted by her."). Moreover, the Plaintiff has not contended in her point relied on that the trial court erred in submitting the verdict directors. Accordingly, the question of whether the verdict directors were properly submitted is not before this Court. *City of Sullivan v. Truckstop Restaurants, Inc.*, 142 S.W.3d 181, 193 (Mo.App. E.D.2004). In addition, to the extent Plaintiff is contending that the verdict directors as used in conjunction with the verdict form gave the jury a roving commission, we conclude that Plaintiff failed to preserve this argument because she raised her objection for the first time in her Motion for New Trial rather than, as required, in the instruction conference. *See Lewis,* 152 S.W.3d at 327.

Turning to the substance of the preserved arguments, we note that the record reveals that Plaintiff proposed a verdict form based upon MAI 36.22. Defendants offered a proposed verdict form based upon MAI 36.22 and 36.21.[3] Plaintiff's verdict form modified the portion of MAI 36.22 which referred to comparative fault by deleting the words disregarding any fault on the part of the plaintiff. . . . Defendants' proposed verdict form modified MAI 36.22 by deleting the same language and adding the top portion of MAI 36.21. Both parties also modified MAI 36.22 to delete a reference to percentages of fault attributable to Plaintiff and to add a line for a second defendant in the section apportioning fault.

We agree with Plaintiff that modifying MAI 36.22 to add the initial or top section from MAI 36.21 asking the jury to write in the name of the party it found in favor of was improper. Two illustrations for medical negligence cases, MAI 35.21 and 35.22, both involving apportionment of fault among health care providers, provide guidance in the selection of a proper verdict

---

**3.** MAI 36.21 is intended for use in cases against health care providers where there is no apportionment of fault among defendants. The top section provides as follows:

Note: Complete this form by writing in the names(s) required by your verdict.
On the claim of plaintiff (*state the name*) for personal injuries [2] against defendant (*state the name*) we, the undersigned jurors, find in favor of:

_____

(Plaintiff (state the name)) OR (Defendant (state the name))

On the claim of plaintiff (*state the name*) for personal injuries [2] against defendant (*state the name*), we, the undersigned jurors, find in favor of:

_____

(Plaintiff (state the name)) OR (Defendant (state the name))

Footnote 2 appears in the Notes on Use section appended to MAI 36.21 and reads in pertinent part: "The verdict form will contain a descriptive phrase describing and identifying the claim submitted. . . . The identifying phrase should be non-inflammatory and as neutral as possible . . ."

form. Both MAI 35.21 and MAI 35.22 use the MAI 36.22 verdict form. Neither MAI 35.21 nor 35.22 modify MAI 36.22 with language directing the jury to write in the name of the party it found in favor of as the trial court did in this case. Here, the trial court incorporated language from MAI 36.21 which is specifically designed for use in cases where there is no apportionment of fault. The modification to MAI 36.22 required in this matter was to the comparative fault aspect of MAI 36.22 rather than the apportionment aspects. When the trial court added language to MAI 36.22 directing the jury to write in the name of the party it found in favor of, it improperly modified MAI 36.22 and accordingly erred.

However, despite the error in the verdict form, we will not reverse unless the trial court's decision to use the form constituted an abuse of discretion. *Dunkin,* 710 S.W.2d at 501. Moreover, when reviewing verdict forms, as with instructions, no judgment will be reversed unless an error was prejudicial. *Hein,* 988 S.W.2d at 634. We keep in mind that the trial judge's responsibility ... is much less when dealing with verdict forms as opposed to jury instructions. The form of the verdict is not an instruction, and it is the latter which is to guide the jury in reaching the proper verdict. (citation omitted) *Lewis,* 152 S.W.3d at 328.

■ Here, there is no indication that the verdict form operated to prejudice Plaintiff. The verdict directors properly instructed the jury to assess a percentage of fault to the defendant doctors if they believed certain propositions. In both sections of the verdict form, the jury assessed no fault to the Defendants. There is no indication that the jury was confused about its obligation to assess a percentage of fault, if it found any, between the Defendants. The verdict form did not submit anything to the jury that it was not supposed to determine. The jury clearly determined the issues in the case and the additional insertion of Defendants names in the top portion of the verdict form was surplusage and may be disregarded. *Hinton v. State Farm Mutual Auto. Ins. Co.* 741 S.W.2d 696, 701 (Mo.App. W.D.1987).

■ When the jury's intent is ascertainable and the verdict includes findings on the required issues, the verdict is proper and judgment should be entered thereon. *See Haley v. Byers Transportation Co.,* 394 S.W.2d 412, 415 (Mo.1965). This is true even if the form of verdict is defective. *See Morse v. Johnson,* 594 S.W.2d 610, 616 (Mo. banc 1980) ( [A]lthough defective in form, if a verdict substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon for one or the other party, it is sufficiently certain.). Here, the jury's intent was clear and the issues were determined. We discern no prejudice and therefore conclude that use of the improper verdict form does not constitute reversible error.[4]

---

4. Plaintiff failed to preserve her argument that because the verdict form contained the descriptive phrase "personal injuries" rather than "death of Russell Pickel," the verdict form misdirected the jury. *See Lewis,* 152 S.W.3d at 327. Even if we were to review this claim, we note that the verdict directors clearly described the nature of Plaintiff's claims. Footnote 2 to MAI 36.22 and MAI 2.00 provide guidance on selecting the appropriate descriptive or identifying phrases for inclusion in the verdict form. Both Footnote 2 and MAI 2.00 establish that the primary concern of the MAI drafters was avoidance of inflammatory language. While it certainly would have been preferable if the descriptive phrase in the verdict director matched the descriptive phrase in the verdict form, we are not persuaded that, under the circumstances

## Conclusion

The decision of the trial court is affirmed.

MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J., Concur.

of this case, the mismatch rises to the level of