

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

THOMAS DEWALT,                    )     No. ED101245
                                  )
    Appellant,                )     Appeal from the Circuit Court
                                  )     of St. Louis County
vs.                               )
                                  )     Hon. Colleen Dolan
DAVIDSON SURFACE AIR and          )
DONALD DAVIDSON,                  )
                                  )     Filed:
    Respondents.              )     September 23, 2014

Thomas DeWalt appeals from the judgment awarding him attorneys' fees at trial and on appeal. He claims the trial court abused its discretion in awarding only some of the fees he requested. We affirm in part and reverse in part.

DeWalt was a driver for a trucking company owned by Donald Davidson. During his employment, DeWalt was diagnosed with a brain tumor that restricted his ability to drive long distances. When DeWalt was unable to accept long distance delivery assignments, the employer repeatedly refused to give him available local deliveries or other jobs, sending him home without pay and issuing disciplinary write-ups. DeWalt sued the company and Davidson under the Missouri Human Rights Act for having constructively discharged him based on his disability. The jury found in favor of DeWalt on his discrimination claim against Davidson individually, but found the company not liable. DeWalt testified to over $80,000 in compensatory damage, but the jury awarded him only $7,500 and found Davidson not liable for punitive damages. After trial, DeWalt requested $133,198.50 in attorneys' fees as a prevailing plaintiff under Section

213.111.2 of the MHRA. The trial court reduced that amount and awarded him $75,000, without explanation.

The judgment as to liability was affirmed on appeal. See DeWalt v. Davison Service/Air, Inc., 398 S.W.3d 491, 506-08 (Mo. App. E.D. 2013). The amount of attorneys' fees awarded was also at issue in that appeal. DeWalt argued that the trial court failed to recognize the important public purpose in pursuing MHRA claims and instead erroneously based its award solely on the amount of the compensatory damages. Id. at 506-07. At oral argument on that appeal, Davidson asserted that awarding fees in proportion to damages was appropriate and served to encourage settlements without allowing attorneys to recover a windfall in fees on a small verdict.[1]

In the opinion, we set out the factors to be considered when assessing a fee award under the MHRA, noting that "the most crucial factor is the degree of success obtained." Id. at 507. We found that there was no explanation for the trial court's award, but it appeared to be ten times the amount of damages. Id. We held, as other courts have, that while the amount of damages is "not irrelevant," a "rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." Id. Therefore, we stated, a court may not reduce fees to maintain a ratio between the fees and the damages. Id. We concluded that because the trial court had failed to enumerate its reasons for reducing the requested fee, this Court could not determine whether it had given proper consideration to the relevant factors or abused its discretion. Id. at 507-08. Therefore, we reversed and remanded the attorneys' fees award for the entry of findings of fact

---

[1] The record from the first appeal and a partial transcript of the oral argument in that case have been made part of the record on appeal in this case.

and conclusions of law consistent with our opinion. Id. at 508. We also instructed the trial court to rule on DeWalt's request for attorneys' fees on appeal. Id. at 508 n.4.

On remand, the trial court entered findings and conclusions relating to the trial attorneys' fee award. It reduced the requested amount first for what it found to be "additional, duplicative, unnecessary or non-productive" work, including all of the time counsel spent preparing the fee application and some of the time counsel spent communicating with the client and co-counsel. After those deductions, the court listed the factors we had set forth in DeWalt. It found that the case did not take very long to try and was not complex, the attorneys advocated conscientiously and the plaintiff proved liability as to one defendant, but the damages awarded were small. The trial court went on to conclude that awarding all of the fees requested where the verdict was small would work against the public policy of encouraging settlement; therefore, it further reduced the requested fee by 30%. After all reductions, the total amount of trial attorneys' fees awarded was $87,200.75. In a separate order, the court awarded only $15,000 of the requested $35,560 in attorneys' fees on appeal, finding again that the case was not complicated and concluding that only 40 hours was needed to complete the brief.

This appeal follows. DeWalt argues in Point I that the trial court abused its discretion in awarding only some of the requested fees on appeal because the award bears no relation to the amount of time it actually took to respond to the breadth of issues raised by Davidson in the first appeal, which he claims opposing counsel conceded, and fails to consider the importance of MHRA claims. He argues in Point II that the award of attorneys' fees at trial is also an abuse of discretion because it is again improperly based on the size of the verdict without consideration of the important nature of the claim and erroneously excluded some of counsel's compensable work. We address these points out of order.

3

**Attorneys' Fees at Trial**

Attorneys' fees are authorized for a prevailing party under the MHRA. Section 213.111.2. The reasons are twofold: "(1) to fully make the plaintiff whole by compensating him or her for the costs of bringing suit and (2) to deflect that discrimination may result in nominal or small monetary damages." Coyle v. City of St. Louis, 408 S.W.3d 281, 291 (Mo. App. E.D. 2013) (internal citations omitted). While the determination of reasonable attorneys' fees under the MHRA is in the sound discretion of the trial court, there are, as we said in the first appeal, a number of factors to be considered: (1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; (2) the number of hours reasonably expended on the litigation; (3) the nature and character of the services rendered; (4) the degree of professional ability required; (5) the nature and importance of the subject matter; (6) the amount involved or the result obtained; and (7) the vigor of the opposition. Id. at 506-07. Again, "the most crucial factor is the degree of success obtained." DeWalt, 398 S.W.3d at 507. Nevertheless, the court may not reduce fees when the damages are small in order to maintain some proportionality between the damages and the fees awarded. Id.

The trial court listed all of these factors and made findings regarding most of them, focusing mostly on the degree of DeWalt's success:

> The jury returned its verdict against one of the two defendants in the amount of $7,500. And although it is likely that the same work expended to secure a verdict against one defendant would be needed to secure a verdict against the other . . . the amount of damages the jury awarded to plaintiff was small.
>
> Settlements are encouraged under the law. [citations omitted]. There is little incentive for a plaintiff to settle a case which may not have much value in terms of plaintiff's damages, if plaintiff can recover all or most of his attorney's fees by taking the chance of going to trial and recovering even a small verdict. Plaintiff's risk in such a scenario is very low. To award a plaintiff all of the attorneys fees he has submitted where his degree of success is not great would work against the public policy of encouraging settlement. Accordingly, the Court finds it appropriate to reduce the fee request by 30%.

4

DeWalt's first argument is that reducing the award by 30% was an abuse of discretion. We agree. The determination of reasonable attorneys' fees is within the trial court's sound discretion. Id. at 506. We will not reverse that determination unless we find that the amount was arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration. Id. Although the trial court carefully considered most of the factors as instructed in the first opinion, it nevertheless inappropriately relied entirely on the policy of encouraging settlement—without any findings regarding the settlement efforts of counsel in this case—and failed to even mention the nature and importance of this MHRA claim. Thus, the 30% percent reduction—while not explicitly a ratio between the verdict and the fee award—nevertheless is unreasonable due to the lack of appropriate findings on all applicable factors.

First, contrary to DeWalt's claim, there is nothing inherently incompatible about the policy of encouraging settlement and the policy of encouraging meritorious MHRA suits. In discussing the application of rules regarding offers of judgment in civil rights cases, courts have consistently held that the purpose of furthering societal interest in eliminating discrimination and the purpose of encouraging settlements "are not in opposition." Gabriel v. Saint Joseph License, LLC, 425 S.W.3d 133, 140 (Mo. App. W.D. 2013); see also Marek v. Chesny, 473 U.S. 1, 5 (1985) ("nothing incompatible about these two objectives") and its progeny.[2] But a court only needs to consider the policy of encouraging settlement when there is evidence before it regarding the particular settlement efforts in that case. See Gabriel, 425 S.W.3d at 140 (rule regarding offers of judgment implicated only when offer of judgment made); see also Charles v. Daley,

---

[2] We rely in part on federal case law throughout this discussion as it is not inconsistent with Missouri law on these matters. See Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 818 (Mo. banc 2007) (federal employment discrimination case law may be applied in MHRA cases when consistent with Missouri law).

5

846 F.2d 1057, 1072-73 (7th Cir. 1988) (where purported settlement not at issue, court is "unconstrained" by policy considerations regarding settlements). Only when good faith offers of settlement have been unreasonably rejected in favor of trial on claims with limited value is there a need to consider reducing attorneys' fees so as to avoid "windfall." Where, as here, there are no findings regarding settlement negotiations, reliance on the policy of encouraging settlement as a reason to reduce fees is misplaced.[3]

Second, despite its other detailed findings and its earnest attempt to follow the dictates in our first opinion, the trial court's focus on what it concluded to be a small degree of success in terms of damages failed to take into account the nature and importance of DeWalt's total success in proving discrimination on the part of one defendant.[4] We find Gilliland v. Missouri Athletic Club, on which we relied in the first appeal, instructive. 273 S.W.3d 516 (Mo. banc. 2009). In that case, the trial court awarded only $22,000 of the requested $170,149.50 in attorneys' fees under the MHRA. Id. at 523. The trial court stated that its reduction was based on the fact that actual damages awarded on the plaintiff's constructive discharge claim were "only $60,000" and because the case was relatively straightforward. Id. The Supreme Court on appeal set out the factors we cited above, which courts are to consider when calculating attorneys' fees, and further provided the following guidance:

> In human rights cases, the amount of the verdict or judgment may have
> little bearing on the amount of attorneys' fees. The act recognizes the public

_____

[3] We note, as does DeWalt, that this Court did not address this policy—despite Davidson's suggestion that it justified a reduction of fees in this case—in the first appeal, which may suggest that this Court has already rejected the idea that this is a necessary policy consideration in this case. If we had considered it necessary, it seems likely we would have included that somewhere in our detailed guidance as to the relevant factors for the trial court to consider on remand.

[4] Having found that the same effort was required to prove the claims against both defendants, the trial court already recognized that there would be no basis for discounting those efforts solely because DeWalt did not prevail against the company defendant. See DeWalt, 398 S.W.3d at 507.

> purpose served by litigation that vindicates the rights of those who are discriminated against. The Missouri legislature, in enacting the human rights act, followed the lead of Congress in the choice of authorizing fees to private attorneys for enforcement of human rights claims, rather than relying principally upon government agencies for such enforcement. *In human rights cases, therefore, courts should consider the factor identified as number 5, above, the nature and importance of the subject matter*.

Id. at 523-24 (emphasis added and citations omitted). The Court concluded that the claim prevailed on was not actually an MHRA claim for which attorneys' fees were even available; nevertheless, the Court pointed out that had it been an MHRA claim, the appeal "might have been well taken" in light of the trial court's stated reasons for the award. Id. at 524. This suggests that the Supreme Court saw potential error in the reduction of fees based primarily on the size of the award and without consideration of the nature and importance of the subject matter.

We find such an error here, where the court failed to consider the nature and importance of the subject matter and instead relied principally on the size of the verdict in measuring DeWalt's degree of success. This is not to say that the size of the verdict in an MHRA case is irrelevant. As we and other courts have stated, the degree of success is crucial. That success is *partially* measured by how much of the plaintiff's requested relief he actually recovered. But courts must keep in mind that even small verdicts in MHRA cases *may* still reflect a high degree of success when properly considered in light of the nature and importance of the subject matter in the particular case. We note that not all civil rights claims are of the same nature or of equal importance. Therefore, the consideration of this factor, and the others, as well as the ultimate determination of fees requires a case-specific analysis. Nothing we say herein detracts from the trial court's discretion and expertise in fashioning the appropriate award in a particular case, as long as proper consideration is given to all of the relevant factors.

7

DeWalt also alleges the trial court erred by excluding from the award counsel's time spent preparing the request for fees. We agree. Reasonable time spent preparing fee applications is generally compensable in federal civil rights cases, otherwise petitioning for the fee would automatically diminish the fee eventually received. See El-Tabech v. Clarke, 616 F.3d 834, 843 (8th Cir. 2010); see also Anderson v. Office of Workers Compensation Programs, 91 F.3d 1322, 1325 (9th Cir. 1996). We find no reason not to extend that logic to MHRA cases. If the time spent preparing the fee request is excessive, a reduction would be within the court's discretion. See El-Tabech, 616 F.3d at 843-44; see also Anderson, 91 F.3d at 1325. But here, the trial court did not find that counsel spent an unreasonable amount of time preparing the fee request; rather, it reduced the fee by the entire amount of time spent on that request thereby providing no compensation for *any* of counsel's time spent on the fee request.

The trial court relied on Williams v. Trans States Airlines as authority for excluding time spent preparing the fee request. 281 S.W.3d 854 (Mo. App. E.D. 2009). In that case, counsel submitted his time for work on the fee application, and the opposing party argued that the number of hours spent on that task was unreasonable and submitted its own calculation of total attorneys' fees (excluding the time spent on the fee request, among other proposed reductions). Id. at 879. The trial court then significantly reduced the requested fees beyond the reductions suggested by the opponent without explanation. Id. at 879-80. This Court found that such a significant departure from the parties' submissions without explanation was an abuse of discretion. Id. Williams does little more than reaffirm the trial court's general discretion in these matters, with the limitation that a court's reasoning needs to be explained. Nothing in that case authorizes a trial court to completely eliminate compensation for counsel's time preparing a fee

8

request; nor is Missouri law otherwise inconsistent with the federal case law cited above stating that reasonable time spent on fee requests is compensable.

Finally, DeWalt claims that the trial court refused to compensate for time speaking to the client, which he argues conflicts with a lawyer's ethical responsibility to communicate regularly with the client. DeWalt mischaracterizes the trial court's findings. The court did not "refuse" to compensate counsel for communicating with his client; it *reduced* the time spent speaking to the client *and to co-counsel* by $1,800. This was about half of the combined request of $3,590 for speaking to the client, the mediator and co-counsel ($1,700 was charged for speaking to the client and the mediator and $1,890 was charged for speaking to co-counsel). This reduction was within the trial court's discretion, and DeWalt has failed to show it to be an abuse thereof.

Point II is granted in part and denied in part.

**Attorneys' Fees on Appeal**

Fully compensating a prevailing plaintiff for prosecuting his MHRA claim to final judgment "obviously" includes the "reasonable hours" counsel spent in connection with an appeal. See Pollock v. Wetterau Food Distribution Group, 11 S.W.3d 754, 775 (Mo. App. E.D. 1999). Therefore, the same factors should be considered when calculating fees on appeal as are considered when calculating fees at trial. Here, the trial court found that the case was not complicated and did not involve novel or complex issues, that counsel's hourly rate was reasonable and that the number of hours submitted (over 100 hours) was not reasonable. Despite DeWalt's insistence that the issues on appeal were broader and more complicated than the trial court found, we generally defer to the trial court's opinion on this issue given its familiarity with the history of this litigation and therefore its better understanding of how much effort, beyond what had already been expended during the trial and post-trial proceeding, was needed to

9

complete DeWalt's responsive brief. As DeWalt points out, however, it is unclear that the trial court considered the "vigor" with which Davidson pursued this appeal, which would be relevant to the amount of effort DeWalt had to put in to defending his verdict. Moreover and more importantly, the trial court failed to take into account the fact that DeWalt was completely successful on appeal or, again, the nature and importance of this MHRA case. These are the two factors that our courts have highlighted as crucial to the determination of fees in human rights cases. See Gilliland, 273 S.W.3d at 523-24; see also DeWalt, 398 S.W.3d at 507. These factors may weigh against reducing a fee in even a straightforward appeal requiring minimal effort and time or may, depending on the circumstances, justify a reduction. Without findings on these factors, it is difficult for us to determine whether reducing the requested attorneys' fees on appeal by over 60 hours in this case was an abuse of discretion.

Point I is granted.

The following portions of the award of attorneys' fees at trial are reversed and remanded: (1) the 30% reduction and (2) the complete exclusion of fees for time spent preparing the fee request. In all other respects, the award of attorneys' fees at trial is affirmed. On remand, the trial court is directed to reconsider the above portions of the award, make any additional necessary findings and conclusions consistent with this opinion and recalculate the award if necessary.

The award of attorneys' fees on appeal is reversed and remanded. On remand, the trial court is directed to reconsider the award, make findings and conclusions consistent with this opinion and recalculate the award if necessary.[5]

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.

---

[5] On remand, the trial court need not consider counsel's statement in oral argument during the first appeal to be a "judicial admission" as DeWalt suggests we should do here. "A judicial admission is an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true." Moore Automotive Group, Inc. v. Goffstein, 301 S.W.3d 49, 54 (Mo. banc 2009). The admission must be a clear and unqualified concession of a fact, dispensing of the need to prove that fact with evidence. See Goudeaux v. Board of Police Commissioners of Kansas City, 409 S.W.3d 508, 519 (Mo. App. W.D. 2013); see also Self v. Brunson, 213 S.W.3d 149, 154 (Mo. App. E.D. 2006). Here, Davidson's counsel's statements acknowledging that counsel's "fees are his fees" and that "if he's entitled to fees, he's entitled to fees," plus his statement "I'm not denying that he didn't do the work or that he charged too much" are not clear, unequivocal concessions as the amount of attorneys' fees that should be awarded. Moreover, even if they were an admission of anything, they would constitute ordinary admissions against interest in this proceeding because they were made in a prior proceeding. "While judicial admissions are conclusive in the proceeding where made, when the admission is introduced in a subsequent proceeding, the admission is not conclusive or binding and may be explained or contradicted." Moore Automotive Group, 301 S.W.3d at 54 (admission in prior garnishment proceeding admissible as ordinary admission against interest in subsequent civil action). Trials and hearings held after an appeal are not the same proceeding as the appeal. See Kansas City v. Keene Corporation, 855 S.W.2d 360, 373 (Mo. banc 1993) (statements of fact in brief on appeal are ordinary admissions against interest in subsequent trials or hearings).