Debra HESSE, Respondent,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS, Appellant.

WD 79809

Missouri Court of Appeals,
Western District.

OPINION FILED: SEPTEMBER
19, 2017

2

Martin M. Meyers, Kansas City, MO, Counsel for Respondent.

Emily A. Wales, Jefferson City, MO, Counsel for Appellant.

Before Division Two: Mark D. Pfeiffer, Chief Judge Presiding, Karen King Mitchell, Judge Anthony Rex Gabbert, Judge

Anthony Rex Gabbert, Judge

The Department of Corrections ("DOC") appeals from a jury verdict in favor of Debra Hesse ("Hesse") on a gender harassment claim and a retaliation claim. Both claims were made pursuant to the Missouri Human Rights Act, Sections 213.010-213.037.[1] Appellant raises four points on appeal. Point I alleges the trial court erred in combining the harassment and retaliation claims into one verdict form; Point II alleges the trial court erred in admitting improper "me too" evidence; Point III alleges error in the award of unreasonable attorney fees to Respondent's counsel; Point IV alleges error in awarding non-recoverable litigation expenses. We affirm.

## Background

Hesse claimed she suffered gender harassment and retaliation during her employment at the Tipton Correctional Cen-

---

1. All statutory references are to RSMo 2000 (as supplemented through 2016), unless otherwise specified.

ter ("TCC") and the Kansas City Reentry Center ("KCRC"),[2] both operated by the DOC. The record documents several instances of harassment and retaliation towards Hesse and other female employees at both the TCC and KCRC. These claims were corroborated by Hesse's co-workers, Barbara Payne at TCC and Tina Gallego and Clarissa Fischer at KCRC. Following post-trial motions, the trial court issued its judgment in favor of Hesse and awarded Hesse: $500,000 in actual damages; $1,000,000 in punitive damages; $463,323.75 in attorney fees; $1,389.15 in litigation expenses; and $5,168.75 in other court costs.

### Point I

In its first point, the DOC argues the trial court erred in the use of Verdict Form A, which allowed the court to package the harassment and retaliation claims in one verdict form, when separate forms should have been issued. "When a party contends that the verdict form is confusing or misleading, the trial court resolves the issue in the exercise of its discretion." *Pickel v. Gaskin*, 202 S.W.3d 630, 635 (Mo. App. E.D. 2006) (citation and quotes omitted). "Because the trial court is in the best position to evaluate the effect of the verdict form, we will not disturb the decision of the trial court absent an abuse of discretion." *Id.* "The party claiming prejudicial error must show that the offending instruction misdirected, misled or confused the jury." *Id.* "The test of correctness of an instruction is how the instruction will naturally be understood by the average juror," whom "should be credited with ordinary intelligence, common sense, and an average understanding of the English language." *Marion v. Marcus*, 199 S.W.3d

887, 895 (Mo. App. W.D. 2006) (quotes and citations omitted). We find the trial court did not err by issuing the single verdict form.

Verdict Form A, as completed by the jury, reads:

> On the claim of plaintiff Debra Hesse for compensatory damages against defendant Missouri Department of Corrections for harassment based on gender, we, the undersigned jurors, find in favor of: Plaintiff Debra Hesse.
>
> On the claim of plaintiff Debra Hesse for compensatory damages against defendant Missouri Department of Corrections for retaliation, we, the undersigned jurors, find in favor of: Plaintiff Debra Hesse.
>
> *Note: Complete the following paragraph only if one or both of the above findings is in favor of plaintiff Debra Hesse*
>
> We, the undersigned jurors, assess the compensatory damages of plaintiff Debra Hesse at $500,000 (*stating the amount*).

These instructions clearly gave jurors the option of finding for either party on either claim, and the "Note" preceding the award amount provides for compensatory damages even if jurors found for Hesse on only one count. The DOC fails to show how a juror of "ordinary intelligence" would be misled into believing he or she was required to find for Hesse on both counts to award compensatory damages. In fact, the DOC might have benefitted from the single verdict form, which prevented overlapping or duplicative damages arising from the related harassment and retaliation claims. See *Host v. BNSF Railway Company*, 460 S.W.3d 87, 99 (Mo. App. W.D. 2015). Point I is denied.

---

2. The Kansas City Reentry Center was called the Kansas City Community Release Center when Hesse began her employment there.

## Point II

In its second point, the DOC alleges the trial court erred by admitting Tina Gallego's irrelevant and prejudicial "me too" testimony. We review the trial court's evidentiary rulings for an abuse of discretion. *Cox v. Kansas City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 114 (Mo. banc 2015). "A ruling constitutes an abuse of discretion when it is clearly against the logic of the circumstances . . . and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.* (quotes and citation omitted). "As with other forms of evidence, circumstantial evidence of employment discrimination must be both logically and legally relevant to be admissible." *Id.* at 116 (citation omitted). Evidence is logically relevant if it tends to make the existence of any consequential fact more or less probable, "or if it tends to corroborate evidence which itself is relevant and bears on the principal issue of the case." *Id.* (quotes omitted). Evidence is legally relevant if its probative value outweighs any prejudicial effect on the jury. *Id.* When considering "me too" evidence, "courts look to and weigh *aspects* of similarity [between party and non-party employees] given the facts, context, and theory of the specific case at issue." *Id.* at 123 (emphasis original). We find the trial court did not abuse its discretion in admitting Gallego's testimonial evidence, because it corroborated Hesse's case theory.

Hesse's case is predicated on the theory that the DOC failed to enforce its own anti-discrimination policy. Gallego and Hesse shared several common experiences at the DOC that made Gallego's testimony highly probative of Hesse's theory. The two women had both worked for the same facility, reported to several of the same superior officers, suffered harassing and retaliatory conduct based on their sex, attempted to avail themselves of the same anti-discrimination policy, and had their complaints summarily dismissed.

While the DOC is correct that there were also differences in their experiences, those differences were less relevant than their commonalities. In *Cox*, the Supreme Court found the trial court abused its discretion by excluding the testimonies of former employees who were not similarly situated in all respects, because their shared characteristics made their "me too" evidence relevant and admissible. *Id.* at 111. Given the highly probative relationship between Gallego's testimony and Hesse's theory that the DOC was not enforcing its anti-discrimination policy, we find the trial court's decision to admit Gallego's testimony was carefully considered and did not constitute an abuse of discretion. Point II is denied.

## Point III

In its third point, the DOC alleges the trial court abused its discretion by awarding attorney fees that were unreasonable under the Missouri Human Rights Act. "The determination of reasonable attorneys' fees is within the trial court's sound discretion." *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401, 405 (Mo. App. E.D. 2014). "We will not reverse that determination unless we find that the amount was arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Id.* We find the trial court's order and judgment for attorney fees were properly considered.

The DOC presents three arguments challenging the trial court's award of attorney fees. First, it argues the award should have been decreased by one-third, because Hesse was only successful on two of the three original claims. "[T]he most critical factor [in assessing attorney's fees]

is the degree of success obtained." *Trout v. State*, 269 S.W.3d 484, 488 (Mo. App. W.D. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Furthermore, "where a plaintiff's claims are related and she has obtained excellent results overall, her counsel should recover a fully compensatory fee that should not be reduced simply because she has not prevailed on every litigated claim." *Williams v. Finance Plaza, Inc.*, 78 S.W.3d 175, 185 (Mo. App. W.D. 2002) (citing *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933). Though Hesse did not pursue her original disability-based claim, the DOC has not shown how that claim was so unrelated to the gender and harassment claims as to warrant a reduction in attorney fees, particularly when her counsel obtained excellent results by prevailing on the remaining claims.

Second, the DOC argues that fees for 1,171.95 billable hours were unreasonably high and that some of the billing statements lacked sufficient detail. Though the trial court was "somewhat troubled with the lack of specificity" of one attorney's records, we recognize the trial court's expertise in determining attorney fees, *Williams v. Trans State Airlines, Inc.*, 281 S.W.3d 854, 878 (Mo. App. E.D. 2009), and are satisfied by the trial court's determination that it "is familiar with this case and the amount of discovery and trial preparation required to pursue this action."

Third, the DOC alleges duplicate billing for work done by more than one attorney or firm. As the trial court explained, "[i]t is not uncommon for attorney's to enlist the aid of other lawyers in preparation and pursuit of a jury trial. While it may not be customary to employ two separate firms to aid in the preparation and pursuit of trial, the vast size of the discovery involved in this litigation justifies the retention of three separate law firms, and the Court finds this reasonable under the circumstances of this case." Here, as in the preceding points, the trial court demonstrated proper consideration of the attorney fees to be awarded Hesse. Point III is denied.

## Point IV

In its fourth point on appeal, the DOC argues the trial court abused its discretion in awarding $1,389.15 in litigation expenses, because there was no statutory authority for the award. Section 514.060 provides, "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those case in which a different provision is made by law." Section 213.111.2 of the MHRA adds, "The court … may award court costs and reasonable attorney fees to the prevailing party[.]" This decision "is within the sound discretion of the trial court and should not be reversed absent a showing that the trial court abused its discretion." *Riggs v. State of Missouri Dep't of Soc. Services*, 473 S.W.3d 177, 182 (Mo. App. W.D. 2015). We find no abuse of discretion.

The trial court's discretion to determine court costs is broad. In *Trans States Airlines Inc.*, 281 S.W.3d at 881, our Eastern District recognized that Section 213.111.2 even gives trial courts discretion "to follow the federal approach of awarding costs outside the parameters of Section 514.060," though they are not required to do so. Here, the trial court either interpreted "court costs" as inclusive of litigation fees or used its considerable discretion to award costs "outside the parameters of Section 514.060." The DOC has not shown how either approach would constitute an abuse of discretion. Point IV is denied.

## Conclusion

We conclude, therefore, that the trial court did not err in combining the

separate harassment and retaliation claims in one verdict form, because the instructions would not mislead, misdirect, or confuse a juror of ordinary intelligence. Second, we find the trial court did not err in admitting Tina Gallego's "me too" testimony, because it was relevant to proving Hesse's theory that the DOC was not enforcing its anti-discrimination policy. Third, we find the trial court did not abuse its discretion in its award of attorney fees, because its judgment was properly considered, given the case size and the excellent results obtained by Hesse's counsel. Fourth, we find the trial court did not abuse its discretion by awarding court costs for litigation fees, because it was authorized to do so by Sections 514.060 and 213.111.2, as explained in *Williams v. Trans States Airlines Inc.* We affirm the trial court's judgment and grant Hesse's motion for attorney fees on appeal. The cause is remanded to the circuit court for further determination of the attorney's fee award.[3]

All concur.

---

3.  As the prevailing party below, Hesse has filed a motion for an award of her attorney's fees on appeal pursuant to Section 213.111.2 of the MHRA. Under this provision, "the court should award attorneys' fees unless special circumstances would render such an award unjust." *McCrainey v. Kansas City Mo. School District*, 337 S.W.3d 746, 756 (Mo. App. W.D. 2011) (citation and internal quotations omitted). This includes fees incurred on appeal from the circuit court's judgment. *Id.* In the absence of any showing of special circumstances to render an award unjust, we grant Hesse's motion for attorney's fees on appeal. Although appellate courts have "authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Id.* (citation omitted). Accordingly, we remand to the trial court to determine the reasonableness of Hesse's attorney's fees on appeal and enter an appropriate award. *Hurst v. Kansas City, Mo. School District*, 437 S.W.3d 327, 344 (Mo. App. W.D. 2014).